Newton B. SCHWARTZ, Sr., Appellant,

v.

FOREST PHARMACEUTICALS, INC., and Kristen Wilson– Woodcox, Appellees.

No. 01–02–00882–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2003.

Rehearing Overruled Nov. 10, 2003.

Barry S. Berger, Berger & Valdez, Vincent K. Lo, Houston, TX, for Appellant.

Elizabeth Trevino, Jerry L. Rios, Rios & Associates, Houston, TX, for Appellees.

Panel consists of Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

ADELE HEDGES, Justice.

Appellant, Newton B. Schwartz, Sr., sued appellees, Kristen Wilson–Woodcox and Forest Pharmaceuticals, Inc. ("Forest"), seeking damages for personal injuries allegedly sustained when the car Wilson–Woodcox was driving ran into the car driven by Schwartz. The case was tried to the jury, which returned a take-nothing judgment. In four points of error, Schwartz contends that: (1) the evidence is legally and factually insufficient to support the jury's finding that Wilson–Woodcox and Forest were not negligent and that he had not sustained compensable injuries as a result of the accident; (2) the trial court erred by admitting (a) evidence of his litigious character and of a State Bar suspension and (b) photographs of the car Schwartz was driving when the accident occurred; and (3) the trial court erred in limiting the amount of time he had to argue his case. We affirm.

### Background

On June 7, 2000, at approximately 9:00 a.m., Schwartz and Wilson–Woodcox were involved in a minor car accident. Schwartz had come to a complete stop at a red light at the intersection of Greenbriar and U.S. Highway 59 in Houston, Texas. Wilson–Woodcox was at a complete stop behind Schwartz when she accidentally spilled a cold beverage on her lap, whereupon her foot slipped off the brake and caused her car to hit the back of Schwartz's car. Schwartz filed suit claiming that Wilson–Woodcox was negligent and that such negligence caused his personal injuries.

When the accident occurred, Wilson–Woodcox was working for Forest as a pharmaceutical territory sales representative. Schwartz sued Forest under a theo-

ry of respondeat superior and negligent entrustment.

### Sufficiency of the Evidence

*Standard of Review*

In his first point of error, Schwartz contends that the evidence is legally and factually insufficient to support the jury's finding that Wilson–Woodcox and Forest were not negligent and that he should not be compensated for injuries, if any, that resulted from the incident. In reviewing a legal insufficiency point, we consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding, and disregard all evidence and inferences to the contrary. *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex.1992); *Frost Nat. Bank f/k/a Nat. Bank of Commerce v. Heafner*, 12 S.W.3d 104, 109 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). If there is any evidence of probative force to support the finding, we uphold the finding. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988); *Heafner*, 12 S.W.3d at 109. That is, if there is more than a scintilla of evidence, we will not overturn the jury's finding. *Sherman*, 760 S.W.2d at 242; *Heafner*, 12 S.W.3d at 109.

In reviewing factual sufficiency, we consider and weigh all of the evidence; we will set aside the verdict only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Heafner*, 12 S.W.3d at 109. We will not substitute our opinion for that of the trier of fact. *Id.*

*Negligence of Wilson–Woodcox*

To prevail on a negligence claim, Schwartz was required to prove all three of the following: (1) Wilson–Woodcox owed a legal duty; (2) she breached that duty; and (3) the breach proximately caused his injuries. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.1998); *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 635 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). Proximate cause requires that the negligent act or omission was (1) a cause-in-fact of the injury, *i.e.*, a substantial factor in bringing about the injury and without which it would not have occurred, and (2) foreseeable, *i.e.*, a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477–78 (Tex.1995).

*Proximate Cause of Injury*

Schwartz testified as follows: He was stopped at a red light at an intersection when Wilson–Woodcox's car hit his car at a rate of approximately 10 m.p.h. and the impact caused his car to be knocked forward, through the pedestrian crossing, and into the oncoming traffic. He sought compensation for his medical bills, lost time, pain and suffering, and mental anguish. He paid $1,700 in medical bills for treatment and exams. He grosses between $600 and $1500 per hour; he spent about nine and one-half hours at the doctor and therapist. After the accident, he "didn't feel particularly bad, just little dazed," and he went to his law office after the accident and started his regular work routine. That afternoon he had a headache that "wasn't a big deal," and "wasn't bad." The following day, however, the pain got worse. Eventually, after seven weeks, he began to feel better, and he did not suffer permanent physical injury. He suffered mental anguish when his car was knocked into the intersection into oncoming traffic, because it was a "frightening experience." Wilson–Woodcox testified as follows: She came to a complete stop behind Schwartz's car at the red light. She then picked up a Coke

from the cup holder, took a sip, and tried to put it back into the cup holder while looking at the car in front of her. She missed the holder and spilled the cold drink in her lap. This event caused her to jump and take her foot off of the brake. Although her car rolled forward and tapped Schwartz's bumper, the impact did not cause Schwartz's car to roll into the intersection. Immediately after the accident, Wilson–Woodcox and Schwartz got out of their cars and exchanged a few words. Schwartz was "quite the charmer," and he said he was fine and was grinning from ear to ear. Schwartz did not seem to be too concerned about the incident. Both drivers then got back into their cars, drove to the parking lot of Stahlman Lumber Company, talked again, and exchanged information. Wilson–Woodcox did not call the police because she did not consider the incident to be an accident, as there was no property damage to either car.

We conclude that there is more than a scintilla of evidence to support the finding that Schwartz did not suffer any injuries proximately caused by Wilson–Woodcox. Furthermore, the evidence is not so weak nor is the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. Schwartz presented evidence that is inconsistent with the jury's finding, but the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 866 (Tex.1982). The trier of fact may resolve conflicts and inconsistencies in the testimony of any one witness as well as the conflicting testimony of different witnesses. *Webb v. Jorns*, 488 S.W.2d 407, 411 (Tex.1972). This Court cannot substitute its judgment or its opinion for that of the jury. *Lofton v. Tex. Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986). Because there is more than a scintil-

la of evidence to support the finding that Schwartz did not suffer any injuries proximately caused by Wilson–Woodcox, he is unable to recover on his negligence claim. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.1998); *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 635 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

### Negligent Entrustment of a Motor Vehicle

To prevail on his negligent entrustment claim, Schwartz was required to prove the following: (1) Forest entrusted its vehicle to Wilson–Woodcox; (2) Wilson–Woodcox was an unlicensed, incompetent, or reckless driver; (3) Forest knew or should have known that Wilson–Woodcox was unlicensed, incompetent, or reckless; (4) Wilson–Woodcox was negligent on the occasion in question; and (5) Wilson–Woodcox's negligence proximately caused his injuries. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987).

Because we have concluded the evidence was legally and factually sufficient to support the jury's finding that Schwartz did not suffer any injuries proximately caused by Wilson–Woodcox, and because Schwartz cannot succeed on a negligent entrustment claim without proving that her negligence proximately caused his injuries, we conclude that the evidence was legally and factually sufficient to support the finding that Forest was not negligent.

### Respondeat Superior

Schwartz argues that Forest is liable under the doctrine of respondeat superior. This doctrine holds that a master liable for the torts of his servant committed in the course of the servant's employment. *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 589 (Tex.1964). It is a policy doctrine that comes into play following a

finding of liability. *Duff v. Yelin*, 721 S.W.2d 365, 370–71 (Tex.App.-Houston [1st Dist.] 1986) *aff'd,* 751 S.W.2d 175 (Tex. 1988). Because the evidence does not support holding Forest's employee liable to Schwartz for his alleged injuries arising from this incident, and because Schwartz cannot succeed on a his theory of respondeat superior without establishing that he is entitled to recover against Forest's employee, we conclude that the evidence was legally and factually sufficient to support the finding that Forest was not liable to Schwartz under the doctrine of respondeat superior.

Accordingly, we overrule Schwartz's first point of error.

### Admission of Evidence

*Litigious Character and State Bar Grievance*

In his second point of error, Schwartz contends that the trial court erred by admitting evidence of his litigious character and State Bar suspension.

*Litigious Character*

■ To preserve error for appeal, Schwartz was required to make a timely, specific objection at the earliest possible opportunity. Tex.R.App. P. 33.1. Failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. *Atlantic Richfield Co. v. Misty Products, Inc.,* 820 S.W.2d 414, 421 (Tex.App.-Houston [14th Dist.] 1991, writ denied).

■ It was incumbent upon Schwartz to object before the trial court received testimony about his litigious character. *Id.* Schwartz did not object to the admission of this evidence until after he had been asked about several different lawsuits that had been filed on his behalf and after he had given substantial testimo-ny about them. The following discussion occurred on the record:

[Defense counsel]: . . . I am referring to you as a plaintiff.

[Schwartz]: Oh, how many suits have I filed in 20 years?

[Defense counsel]: Yes, sir, I think your lawyer mentioned that in business you have litigation and things that come up?

[Schwartz]: He mentioned it because you were going to go into it, and he wanted me to bring it out first which he did briefly.

In the apartment business when we built apartments, we had that started in 1968 and went to 1980 something I am sure. I can't remember them all, but that's within maybe not the 20 years that you gave me a limit but in 20 years since 1982.

I saw the list that your representative had there; but very few of them since then; but if you read the names, I will see if I can remember . . .

[Defense counsel]: I am sorry. You saw what list?

[Schwartz]: The lady that was out there who gave us a list that you had every suit that I have been involved in going back 35 years. She had a list of them . . .

[Defense counsel]: Have you ever sued your dentist?

[Schwartz]: My dad?

[Defense counsel]: Your dentist.

[Schwartz]: Ronald Harrison for malpractice, dental malpractice, yes. We settled it.

[Defense counsel]: Have you ever sued the dental, I guess, a bridge maker for your dental?

[Schwartz]: No. Harrison was a $5,000 settlement 20 years ago . . .

[Defense counsel]: Have you ever sued Nissan motors [sic] over a warranty?

[Schwartz]: My son rolled over in a Pathfinder.... My son has the same name as me ...

[Defense counsel]: You personally have never sued Nissan cars?

[Schwartz]: If they make a Pathfinder, that's my son. I told him if he gotten [sic] the movie rights because he rolled it over four times. I said Evil Knievel gets a million dollars. Why didn't he get the contract ahead of time. He didn't think it was very funny.

[Defense counsel]: I am sorry, Mr. Schwartz.

[Schwartz]: Yes, sir.

[Defense counsel]: Have you ever sued Sheri Marek or Kelly Pool?

[Schwartz]: Sheri Marek if you can tell me who she is. Vaguely I think that was an employee of ours under her married name, but she has called me for references since then. Mr. Pool or Ms. Pool, that's what I—who I think—what year is that one? That may help a little bit.

[Defense counsel]: It's Newton B. Schwartz, P.C.

[Schwartz]: My P.C. hasn't even been active or in existence for 12 or 13 years. That would have been at least 13 years ago. That's the only Sheri Marek, and I thought that we were friends because I have given her recommendations.

[Defense counsel]: You had mentioned a lawyer by the name of Cortigene?

[Schwartz]: Seth Cortigene. He is associated with Mr. Berger and I, and me in some cases and all three of us in some.

[Defense counsel]: Have you ever sued their law firm?

[Schwartz]: Not him, his ex-partner, Scott Loynd. We had a suit over when we settled a case involving eight Hispanic Americans who were killed in a truck wreck near Seguin, Texas; and Scott Loynd didn't want to pay us our part of the fee for the cost. So we sued Scott Loynd and Seth was no longer a partner. He was not in it. If that's the case. That's the one it is. Scott and I are friends now ...

[Defense counsel]: And you were the plaintiff in that?

[Schwartz]: Yes. We sued to get our fee, and we got it.

[Defense counsel]: Have you ever sued Daniel Jay Goldberg and Daniel Jay Goldberg & Associates?

[Schwartz]: Yes.

[Schwartz's counsel]: Your Honor, I object to the repetitive and [sic] cumulative and relevance.

[The Court]: The character of Mr. Schwartz has been injected into this, and I will give him the opportunity to explain his side on these things.

[Schwartz]: Will you like me to tell you what it was about?

[Defense counsel]: I just asked if you have sued him?

[Schwartz]: Yes ...

By failing to object in a timely fashion, Schwartz failed to preserve error on this point *Id.* Moreover, any error in admitting evidence is cured where the same evidence comes in elsewhere without objection. *Badger v. Symon,* 661 S.W.2d 163, 164 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.). Schwartz neither received a running objection to this evidence nor did he receive a ruling outside of the presence of the jury pursuant to Tex.R. Evid. 103(a)(1).[1] After the trial court overruled

1. The trial court granted Schwartz's motion in limine regarding his litigious character. However, a trial court's ruling on a motion in limine is not a ruling that excludes or admits

Schwartz's objection, Schwartz was asked and answered questions without objection about lawsuits against Vito Saccheri, Whaledent International, William Harmening, Charles Steweart, Joe Coddington, United States Fire Insurance Company, U.S. Interstate District, Inc., Frank Stewart and Wilmer Dean Pinder, Airborne Medical Services, Inc., Donald Esacove, John Thomas Rucker Fulghum, Vince Tarleton and additional questions about a suit against Nissan, Cortigene, and Goldberg.

█ Schwartz objected to questions regarding his lawsuit against Vince Tarleton, and he also objected to defense counsel's interrupting him before answering defense counsel's questions regarding his lawsuit against Charles Stewart. He urged as a basis for his objection regarding the lawsuit against Vince Tarleton that "the question is dealing with a professional corporation which is not a party to the suit." Although Schwartz did object to this testimony, the point of error on appeal must comport with the complaint raised in the trial court. *See Borden, Inc. v. Guerra,* 860 S.W.2d 515, 525 (Tex.App.-Corpus Christi 1993, writ dism'd by agr.). Because the basis for his objections that Schwartz gave to the trial court differed from the basis Schwartz urges on appeal, Schwartz failed to preserve error. *Id.*

We overrule Schwartz's second point of error regarding the admission of his litigious character.

### State Bar Grievance

█ Schwartz failed to object to the admission of evidence regarding his State Bar suspension. The following discussion occurred on the record:

[Defense counsel]: Have you ever been suspended?

[Schwartz]: For 60 days once 13 years ago. I voluntarily took a 60 day suspension for failing to supervise my staff. No client has ever sued me for malpractice until this year, and its really not a malpractice case. In 48 years and no client ever lost a nickel; but we were trying the Asian [sic] Orange in New York; and my bookkeeper failed to supervise the staff—not the bookkeeper. I offered to take that same 60 days in July and August so I could get off of work; but they wouldn't agree to give it to me at one time so I wouldn't have to work in July and August.

[Defense counsel]: We all would like to do that.

[Schwartz]: Absolutely.

Schwartz did not make a timely objection and, therefore, he did not preserve error. Tex.R.App. P. 33.1.

We overrule Schwartz's second point of error regarding his State Bar suspension.

### Photograph of Schwartz's Car

In his third point of error, Schwartz contends that the trial court erred in admitting photographs of the car Schwartz was driving when the accident occurred. Specifically, Schwartz contends that the trial court erred in admitting the photographs because they were irrelevant and because they were inadmissible pursuant to Rule 403 of the Texas Rules of Evi-

---

evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. *Fort Worth Hotel L.P. v. Enserch Corp.,* 977 S.W.2d 746, 757 (Tex.App.-Fort Worth 1998, no pet.). If a party introduces evidence in violation of a ruling granting a motion in limine, the party that made the motion must object immediately or the error is waived. *Weidner v. Sanchez,* 14 S.W.3d 353, 364–65 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

dence.[2] Schwartz argues that the photographs were irrelevant and, if relevant, were of little probative value, because he did not own the car and he was not suing for property damage to the car.

■ In a pretrial hearing, the court considered the admissibility of the photographs. The trial court stated that it would admit the pictures into evidence to show the point of where Schwartz's car was impacted by Wilson–Woodcox's car, but would not allow appellees to use the pictures to make an argument that the minimal damage to his car proves that his injuries, if any, were minimal. After further discussion, the trial court ruled that *if* a proper predicate is laid, it *might* allow the admission of the pictures into evidence, but that appellees could not use the photographs until such determination was made. During cross-examination of Wilson–Woodcox, appellees' attorney laid the proper foundation and the photographs were offered and admitted into evidence. Because Schwartz objected only under Rule 403, we decline to address his relevancy arguments. *See Borden, Inc. v. Guerra*, 860 S.W.2d 515, 525 (Tex.App.-Corpus Christi 1993, writ dism'd by agr.) (point of error on appeal must comport with the complaint raised in the trial court).

■ Schwartz himself opened the door to the admission of the photographs by asking Wilson–Woodcox about the photographs before appellees had even mentioned them. The following discussion occurred on the record during the direct examination of Wilson–Woodcox:

[Schwartz's counsel]: Now, ma'am, I understand that following the accident with Mr. Schwartz, that there was some photographs taken of Mr. Schwartz' car by your husband, correct?

[Wilson–Woodcox]: Correct.

[Schwartz's counsel]: And that was three days after the accident?

[Wilson–Woodcox]: I don't really know the exact days.

\* \* \* \* \*

[Schwartz's counsel]: And at that time isn't it true that you had received no notice of the injuries suffered by Mr. Schwartz, correct?

[Wilson–Woodcox]: No. I didn't know that there were any injuries, but I was alerted to the fact that this would be a problem.

[Schwartz's counsel]: And so then you had your husband go and take the photographs, correct?

[Wilson–Woodcox] Yes, sir.

Schwartz cannot be heard to complain of the admission of improper evidence offered by the other side, when he, himself, introduced the same evidence or evidence of a similar character. *See McInnes v. Yamaha Motor Corp.*, 673 S.W.2d 185, 188 (Tex.1984). We conclude that the trial court did not abuse its discretion in admitting the photographs.

Accordingly, we overrule Schwartz's third point of error.

### Time Limit

■ In his fourth point of error, Schwartz contends that the trial court erred in limiting the amount of time he had to argue his case. The record reveals that Schwartz knew of the time limit at least by the time proceedings began on May 14, 2002. To preserve error for ap-

---

**2.** Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex.R. Evid. 403.

peal, Schwartz was required to make a timely, specific objection at the earliest possible opportunity. TEX.R.APP. P. 33.1; *Goldberg v. State*, 95 S.W.3d 345, 368 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 600 (Tex.App.-Amarillo 1995, no writ.). Schwartz did not object to the time limit; therefore, error, if any, was waived.

We overrule Schwartz's fourth point of error.

### Conclusion

We affirm the trial court's judgment.