Opinion delivered January 13, 2005.

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01252-CV
____________
 
JIMMY HUPP, Appellant
 
V.
 
KAREN ROSE AND MILLIE PETERS, Appellees
 

 
 
On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. 00-76
 

 
 
MEMORANDUM OPINION
          James Hupp, appellant, contests the take-nothing judgment rendered after a
jury found that it was not Karen Rose’s or Millie Peters’s negligence that caused the
automobile accident that injured Hupp. In two points of error, Hupp argues that (1)
the jury’s finding that neither Rose nor Peters was negligent is against the great
weight and preponderance of the evidence and (2) under the “alternative liability
theory,” the burden shifted to Rose and Peters to exculpate themselves. We affirm. 
                                                        Background
          On July 5, 1999, Hupp was a passenger in Rose’s car while she was driving
eastbound on East Alamo in Brenham, Texas. Rose testified that the traffic light at
the intersection of East Alamo and South Market was green when she entered the
intersection. At the same time, Peters, who was driving northbound on South Market,
entered the intersection. Peters testified that the traffic light on South Market was
green when she entered the intersection. The two cars collided at the passenger side
of Rose’s car.


 Hupp, who broke a rib in the collision, sued the two drivers.



          With a unanimous verdict, the jury found that neither Rose nor Peters was
negligent at the time of the accident. The trial court rendered a take-nothing
judgment.
 
Sufficiency
          In point of error one, Hupp contends that the jury’s answer as to the negligence
of Rose and Peters is against the great weight and preponderance of the evidence and
is manifestly unjust. 
          In reviewing factual sufficiency, we consider and weigh all of the evidence; 
we will set aside the verdict only if the evidence is so weak or the finding so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986); Schwartz v. Forest Pharms.,
Inc., 127 S.W.3d 118, 121 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). We
will not substitute our opinion for that of the trier of fact. Schwartz, 127 S.W.3d at
121.
          At trial, Rose testified as follows:
          Q.      Okay. You had the green light, right?
          A.      Yes.
          Q.      You’re certain?
          A.      Positive.
          . . .
          Q.      That’s okay. I guess my question really is: You saw the lights after the
accident, did they seem to be in good working order? I mean, they
weren’t both green at the same time, right? They kept switching back
and forth, right? You said in your deposition they were in good working
order.
 
          A.      Right.
 
          Q.      So if you’re positive you had the green light, then who caused the
accident?
 
          A.      I don’t know. She said I did and I said she did.
 
          Q.      But you’re sure you had the green light, right?
 
          A.      Yes.
 
          Q.      That means [Peters] had to have the red light?
 
          A.      I feel she ran through the red light.

          . . . 
 
          A.      Someone had to have a red light.
 
          Q.      Somebody had to have the red light. It would be inconceivable that —
it’s clearly inconceivable that one of you was — it’s inconceivable that
both of you were not at fault for this accident. One of you had to be at
fault for the accident and since you had the green light, it must be Millie,
right?
 
          A.      Correct.
 
          Q.      You’re certain of that?
 
          A.      I’m positive. And Jim saw a green light, too.




Peters was not present at trial, but excerpted portions of her deposition were read 

before the jury. Peters’ deposition testimony was as follows:
 
          Q.      And you came to the intersection and you saw your light was what
color?
 
          A.      Green.

          . . .
 
          Q.      Did you see the green Pontiac Grand Prix coming down Alamo?
 
          A.      Yes.
 
          Q.      How fast would you say it was going?
 
          A.      Well I’m not sure but it was going pretty fast.

          . . .
 
          Q.      After the accident did you have a chance to look at the lights again?
 
          A.      Yes.
 
          Q.      Did they appear to be in good working order like the police officer said?
 
          A.      Yes, they were.
 
          Q.      So there is not an issue in this case in your mind that maybe both — that
they were both green at the same time or both red at the same time?
 
          A.      I have no reason to believe that.

          . . .
 
          Q.      You just remember looking up and seeing a green light and moving
through?
 
          A.      Yes.
Hupp argues that, considering the above testimony, “for a jury to find that NO ONE
was negligent when one of the Appellees ran a red light is inconceivable and
inequitable.”
          It is true that testimony was introduced indicating that Rose’s light was green
when she entered the intersection. However, conflicting evidence of probative force
was introduced tending to prove that Peters’s light was green thus disproving
negligence and causation on Peters’s part. 
          It is the jury’s function to decide credibility issues. The court of appeals will
uphold the jury’s finding where it would not be clearly wrong and manifestly unjust
to do so. In the case at bar, the evidence was sufficient to uphold the jury’s verdict. 
Hupp simply failed to prove that one of the driver’s negligently ran a red light. 
          Accordingly, we overrule point of error one. 
Alternative Liability
          In point of error two, Hupp argues that the jury’s answer to the negligence
question “is against the burden of proof, which shifted to the defendants upon a
showing of alternative liability.”
          “Alternative liability, initially adopted by the California Supreme Court in
Summers v. Tice, 199 P.2d 1 (Cal. 1948), relaxes the plaintiff’s burden of identifying
the actual tortfeasor and, thus, may allow the plaintiff to prevail when the traditional
rules of causation would prevent recovery.” Gaulding v. Celotex Corp., 772 S.W.2d
66, 68-69 (Tex. 1989). Under this theory of liability, which is embodied in the
Restatement of the Law of Torts, Second, when independent acts of negligence are
simultaneously committed by two or more tortfeasors and only one act results in
injury, the plaintiff is relieved of his burden of proof. Restatement (Second) of
Torts § 433B (1963). The burden shifts to the defendants to exculpate themselves. 
Gaulding, 772 S.W.2d at 69. 
          Assuming without deciding that Texas has adopted the alternative liability
theory, Hupp never asserted such a theory in his pleadings or in the jury charge. The
failure to raise a complaint at trial to a jury charge waives review of that complaint
on appeal. See Tex. R. App. P. 33.1; Tex. R. Civ. P. 274. 
          Hupp waived his complaint, and we overrule point of error two.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.