

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-182-CV

SUZANNE LEE ZWICK                                                                          APPELLANT

V.

LEWIS ALAN ZWICK                                                                          APPELLEE

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In five points, Appellant Suzanne Lee Zwick challenges the trial court's judgment awarding an equal division of the community property proceeds between her and ex-husband Appellee Lewis Alan Zwick. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Based on Suzanne's recitation of the facts,[2] Suzanne and Lewis married in February 1983 and had three children before divorcing in May 2002. At the end of the divorce proceedings, the trial court entered an agreed decree of divorce containing the following provisions regarding Suzanne and Lewis's community property house:

> [Lewis] and [Suzanne] shall continue to jointly make all payments of principal, interest, taxes, and [insurance] on the property during the pendency of the sale, and Respondent, Suzanne Lee Zwick, shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the property in its present condition, shall be paid equally by [Lewis] and [Suzanne].
>
> The net sales proceeds (which are defined as the gross sale and full payment of any mortgage indebtedness or liens on the property) are hereby awarded equally to [Lewis] and [Suzanne].

The divorce decree also contained the following provision regarding child support: "The Court makes no finding as to child support at this time since both parties will have equal time with the children, and will share equally with the care and expenses of the children."

In May 2006, Suzanne filed a petition to modify the parent-child relationship and to clarify the 2002 divorce decree. Specifically, Suzanne asked

---

[2] *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

the trial court to revise the child-care provision in the decree by establishing guideline's for child support for the one child still under age and living at home.[3] Suzanne also asked the trial court to review and clarify the provisions in the decree that pertained to mortgage payments and maintenance costs for the community property house. Alternatively, she asked the trial court to review the expenses and payments made by her and Lewis towards the house, both individually and jointly, and then to assign the appropriate credits and debits. When the house sold in June 2006, and an agreement could not be reached regarding the division of the profits, Texas Nations Title placed the proceeds into the court registry.

During trial, Suzanne presented evidence that she had paid the majority of the mortgage payments and maintenance costs between May 2002 and June 2006. Lewis presented evidence that he had reimbursed Suzanne for his portion of the mortgage payments. At the close of the evidence, the trial court rendered judgment as to the distribution of the proceeds from the sale of the house and later signed a corrected judgment that: (1) awarded George Petrovich (an appointed master in chancery) $5,250 for reasonable and necessary

---

[3] By the time this case went to trial, all three of Suzanne and Lewis's children had reached the age of majority; therefore, the trial court did not hear this issue and Suzanne does not appeal on any grounds pertaining to child support.

attorney's fees; (2) ordered that Texas Nations Title receive no monies;[4] (3) ordered that the remaining balance be divided equally between Suzanne and Lewis—subject to an order that Lewis pay Suzanne necessary expenses for the house in the amount of $3,772; and (4) ordered that the accrued interest earned from the funds registered with the trial court be divided equally between Suzanne and Lewis.  This appeal followed.

## III.  Standard of Review

A trial judge is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties.  Tex. Fam. Code Ann. § 7.001 (Vernon 2006); *Moroch v. Collins*, 174 S.W.3d 849, 855 (Tex. App.—Dallas 2005, pet. denied).  The trial court has broad discretion in making its just and right division, and absent a clear abuse of discretion, we will not disturb that division.  *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex. 2004).

---

[4] The trial court found that Texas Nations Title had already received its respective attorney's fees and costs for the litigation.

4

## IV. Findings of Fact and Conclusions of Law

In Suzanne's first point, she argues that the trial court erred by failing to file findings of fact and conclusions of law. On February 25, 2009, however, upon discovering that the trial court had not issued the requisite written findings and conclusions, this court ordered the appeal abated and directed the trial court "to complete written findings of fact and conclusions of law." The trial court has done so; therefore, Suzanne's complaint that the trial court did not make findings of fact and conclusions of law is moot. *See Moore v. First Fin. Resolution Enters., Inc.*, 277 S.W.3d 510, 514 (Tex. App.—Dallas 2009, no pet.).

## V. Master in Chancery Fees

In her second point, Suzanne complains that the trial court abused its discretion by assessing a portion of the proposed master in chancery fees against her because she filed a timely objection.

The appointment of a master lies within the sound discretion of the trial court and should not be disturbed unless a clear abuse of that discretion is found. *Simpson v. Canales*, 806 S.W.2d 802, 811 (Tex. 1991). The Supreme Court of Texas has held that "Rule 171 is the exclusive authority for appointment of masters in our state courts" and "every referral to a master, unless authorized by statute or consented to by the parties, must comply with

5

Rule 171." *Id*. at 810 & n.12 (giving non-exhaustive listing of matters authorized by statute).

On May 14, 2007, the parties appeared and announced ready for trial; however, the trial court did not hear testimony but instead pronounced that an auditor would need to be appointed. On July 26, 2007, both Suzanne's counsel and Lewis's counsel appeared before the trial court, in chambers, to appoint an auditor. The trial court, however, did not appoint an auditor but instead recommended that a master in chancery be appointed.[5] Both attorneys agreed, and the trial court directed them to contact Petrovich, a local attorney, and request that he be appointed as master in chancery. On August 1, 2007, Lewis faxed a proposed order for the appointment of the master in chancery to Petrovich and Suzanne. On October 16, 2007, Suzanne filed an objection to the appointment. The trial court granted Suzanne's objection but directed Petrovich to submit a statement for the time he had spent on the case up to

---

[5] Because the conference took place in chambers, no reporter's record exists. However, a majority of both party's recitations of the facts regarding the conference do not contradict; therefore, we take those as true. *See* Tex. R. App. P. 38.1(g). Furthermore, the trial court made findings of fact that went unchallenged as to what occurred during the conference. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) (holding that where the trial court's findings of fact are unchallenged by complaint on appeal, they are binding on the appellate court and are entitled to the same weight as a jury verdict, unless the contrary is established as a matter of law or there is no evidence to support the finding).

Suzanne's objection. Petrovich submitted a bill for $5,250, and the trial court found that the amount was a reasonable and customary fee. The trial court ordered that Petrovich's fees be paid out of Suzanne and Lewis's community property proceeds.

Suzanne asserts that she had no knowledge of the extensive work being done by Petrovich during the two and a half months before she filed her objection and that as soon as she became aware of Petrovich's fees, she filed her objection. Suzanne claims that because she did not participate in proceedings before Petrovich and because Petrovich had yet to do any work on the merits of the case, she timely filed her objection and therefore should not have to pay a portion of Petrovich's fees.

In support of her claim, Suzanne directs our attention to *Owens-Corning Fiberglass Corp. v. Caldwell*, in which the court stated that "a party objecting to a master's appointment must make an objection not within some arbitrary time period, but before it has taken part in proceedings before the master . . . ." 830 S.W.2d 622, 625 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Suzanne, however, has failed to cite the entire conclusion of the *Caldwell* opinion. The court in *Caldwell* concluded that "a party objecting to a master's appointment must make an objection not within some arbitrary time period, but before it has taken part in proceedings before the master[;] *or before the*

*parties, the master, and the court have acted in reliance on the master's appointment.*" *Id*. at 625 (emphasis added). Here, the trial court acted in reliance on the parties' consent to appoint a master in chancery when ordering that Petrovich be appointed, and Petrovich acted in reliance on that appointment.[6] Therefore, based on these facts, we cannot say that the trial court abused its discretion by ordering Suzanne to pay half of the master in chancery's fees. Accordingly, we overrule Suzanne's second point.

### VI.  Factual Sufficiency

In Suzanne's third and fourth points, she argues that the evidence is factually insufficient to support the trial court's findings that the community property proceeds and the interest earned on those proceeds should be divided equally between her and Lewis.

In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, factual insufficiency is not an independent ground of error but a relevant factor in our assessment

---

[6] The trial court made the following findings to which no challenges were made: (1) the attorney's for both parties consented to the appointment of a master in chancery, (2) Suzanne's attorney had the apparent authority to make agreements on her behalf, (3) the trial court relied on her attorney's apparent authority, and (4) Petrovich reasonably believed that he was authorized by the trial court and the parties to perform the services he performed. *See McGalliard*, 722 S.W.2d at 696.

8

of whether the trial court abused its discretion. *Boyd,* 131 S.W.3d at 611. Accordingly, to determine whether there has been an abuse of discretion because the evidence is factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Id.*; *see also Moroch*, 174 S.W.3d at 857. The applicable sufficiency review comes into play with regard to the first question. *Boyd*, 131 S.W.3d at 611.

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

### A. Community Property Proceeds

In Suzanne's third point, she asserts that from May 2002 to June 2006, she contributed more than Lewis towards the mortgage payments and therefore is entitled to a larger portion of the proceeds. During trial, Suzanne testified in

pertinent part to the following:  from May 2002 to July 2003, she alone paid the mortgage payments and did so from her separate account; from August 2003 to April 2005, the mortgage payments were paid from a joint checking account that belonged to her and Lewis; and, from May 2005 to June 2006, she paid the mortgage payments out of her separate account.  Suzanne's evidence included copies of the checks she had written to the mortgage company.

On the other hand, Lewis testified that over the period of time in question, he and Suzanne owed a total of $90,313.17[7] in mortgage payments. Of that, they paid $41,316.46 out of their joint checking account.  Suzanne paid the remaining $48,996.70 out of her separate account.  That left Lewis owing Suzanne approximately $24,498.00.   Lewis testified that he had reimbursed Suzanne $20,675.00, leaving a balance of approximately $3,823.00.  As evidence of the reimbursement, Lewis introduced copies of the checks he had written to Suzanne.

Suzanne contends that the evidence supports a finding that the $20,675.00 Lewis paid to her was for child support and not in reimbursement for back mortgage payments.  In support of this argument, Suzanne directs our

<hr />

[7] Lewis testified that the total was $90,072.29; however, in a spreadsheet offered as an exhibit, he lists the amount of $90,313.17.

10

attention to Lewis's bankruptcy filings—filed in 2002—in which Lewis stated that he did not have a mortgage obligation but did pay monthly child support. However, a majority of the twenty-three checks written by Lewis to Suzanne were either blank in the memo section or contained the word "mortgage"—only five out of the twenty-three contained the word "support."

Based on this, we cannot say that the evidence is so weak, or so contrary to the overwhelming weight of all the evidence, that it will not support the trial court's finding that the checks were written in reimbursement for back mortgage payments. *See In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding) (holding that an abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence). Therefore, we hold that the trial court did not abuse its discretion by equally dividing the community property proceeds between Suzanne and Lewis. Accordingly, we overrule Suzanne's third point.

## B. Earned Interest

In Suzanne's fourth point, she argues that the trial court should have divided the interest earned on the proceeds in the same manner as it divided the principal amount—fifty-six percent to Suzanne and forty-four percent to Lewis. Specifically, Suzanne argues that because the trial court awarded her $38,521.78 of the total principal amount of $69,499.56, she received fifty-six

11

percent of the principal and therefore is entitled to the same division on the interest earned on that principal. However, Suzanne does not cite to any authority to support her argument. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to include "appropriate citations to authorities and to the record"). And we do not believe the facts support such an inference, nor can we find anything in the record to support Suzanne's argument.

On the contrary, the trial court's corrected judgment contains the following relevant language:

> After the first distribution, subject to the below provision for necessary expenses, the Court orders that the remaining principal balance of $69,499.56, *shall be divided equally (50%)* between the Petitioner, SUZANNE ZWICK, and Respondent, LEWIS ZWICK. The Court finds and orders that LEWIS ZWICK'S share of the necessary expenses for the home is $3,772.00. Therefore, the Petitioner shall receive $38,521.78 and the Respondent shall receive $30,977.78. Subject to § 117.005 of the Texas Government Code, the Court awards that the accrued interest earned from the funds registered with the Court *to be divided equally to the Petitioner and Respondent; Petitioner shall receive 50% and Respondent shall receive 50% of the accrued interest.* [Emphasis added.]

We read the plain language of the judgment to say that the trial court divided the principal amount equally between Suzanne and Lewis. Lewis's fifty percent was then decreased by the amount that he owed Suzanne and, as a result, Suzanne received fifty percent of the principal amount plus Lewis's payment for expenses, not fifty-six percent of the principal.

12

Therefore, because Suzanne based her argument on the ground that the trial court should have divided the accrued interest in the same manner that it divided the principal amount, and because we have concluded that the trial court divided the principal amount equally between Suzanne and Lewis, less what Lewis owed to her out of the principal, we hold the trial court did not abuse its discretion by dividing the accrued interest as stated in the judgment. *See* Tex. Fam. Code Ann. § 7.001. Accordingly, we overrule Suzanne's fourth point.

## VII. Fair and Impartial Trial

In Suzanne's fifth point, she contends that the trial court denied her a fair and impartial trial as guaranteed by the Texas constitution. Specifically, Suzanne complains that the trial court abused its discretion by requiring her to complete her entire case in twenty-five minutes. However, failure to object to time limits imposed by a trial court waives any error. *Schwartz v. Forest Pharm., Inc.*, 127 S.W.3d 118, 126–27 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). After a thorough review of the record, we conclude that Suzanne did not object to the time limitation and therefore has failed to preserve this complaint for review. *See id*. Accordingly, we overrule Suzanne's fifth point.

13

## VIII. Conclusion

Having dismissed Suzanne's first point as moot, and having overruled Suzanne's remaining points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  June 4, 2009