

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00429-CV

_____

In the Matter of the Marriage of Ivory Lee Darton
And Helena Rose Darton

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 7596, Honorable Stuart Messer, Presiding

May 15, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Helena Rose Darton appeals the final decree of divorce between her and Ivory Lee Darton. She contends the trial court erred in admitting the testimony of an undisclosed witness. We affirm the judgment.

Ivory sued for divorce. Helena counterclaimed for a disproportionate share of the property due in part to his assault on her. That pleading was followed by Ivory's amended petition for the same based in part on his claim that Helena committed adultery. During Ivory's case-in-chief, he called Helena as a witness, and she denied

that she had a sexual relationship with Hinacio Contreras, even though there was evidence that he had spent the night at her house and that a cousin of Hinacio had told him to stop "seeing" Helena. There was also evidence from a law enforcement officer that Helena had told him her "relationship" with Hinacio began a month before appellant assaulted her and Hinancio and that, although she never stated the relationship was sexual, he assumed it was because she told him that she had woken Hinacio up and told him to leave because appellant was at the house. Ivory also testified that Hinacio told him he was having a sexual relationship with Helena.

Before resting, Ivory sought to introduce testimony from Margie Saldana, who had not been disclosed as a witness before trial. Ivory's counsel represented that he had just learned of the witness and sought to call her at trial to "rebut" Helena's testimony that she did not have a sexual relationship with Hinacio. Helena objected, but when the trial court asked if she was seeking a continuance, she stated she was not. The trial court also gave Helena's counsel an opportunity to speak to the witness. Thereafter, the witness was permitted to testify "in rebuttal."

Upon culmination of the trial, the court granted the divorce and determined that Helena had committed adultery and that Ivory had assaulted her. It also divided the marital estate. However, Helena contends that because of the decision to admit Saldana's testimony, the trial court found that she committed adultery and awarded Ivory a disproportionate amount of the marital estate.

Assuming arguendo that the trial court erred, the error is harmless. While Helena may have denied that the tenor of her relationship with Hinacio was sexual, the record contains ample evidence supporting a factfinder's determination to the contrary. Again,

2

Ivory testified that Hinacio so told him, Hinacio spent the night with Helena, his cousin directed him to end the relationship, and Helena told the officer that she was having a relationship with Hinacio and that she awoke Hinacio and told him to leave shortly before the assault. Thus, it is more than arguable that the evidence proffered by Saldana about the sexual relationship was redundant of other admissible evidence. *Schwartz v. Forest Pharms., Inc.*, 127 S.W.3d 118, 124 (Tex. App.–Houston [1st Dist.] 2003, pet. denied) (holding that like evidence coming from other sources without objection renders harmless purported errors like that urged at bar). Furthermore, we have been directed to no evidence suggesting that the court granted a disproportionate division of property to Ivory, nor did the trial court note that it made such a disposition of the estate. So, after reviewing the record, we cannot say that Saldana's testimony affected the judgment in any way. *Petroleum Synergy Group, Inc. v. Occidental Permian, Ltd.,* 331 S.W.3d 14, 21 (Tex. App.–Amarillo 2010, pet. denied) (describing the test for harm).

The issue is overruled and the judgment is affirmed.


Per Curiam