

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00275-CR

Antwaine S. **BANKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2540
Honorable Velia J. Meza, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: May 10, 2023

AFFIRMED

Appellant Antwaine Banks was revoked from probation on several grounds, including failing to attend and comply with the rules and agreements for the State Accredited Battering Intervention and Prevention Program. During his testimony on his failure to complete the required program, Banks made a Sixth Amendment Confrontation Clause objection, which the trial court overruled. Banks now appeals and prays for a new revocation hearing. We affirm the trial court's judgment.

## BACKGROUND

Banks was a probationer who violated the terms of his probation before the end of his sentence. The State moved to revoke Banks' probation and invoke his underlying prison term. The trial court held a hearing where Banks' probation officer testified, inter alia, to Banks' failure to complete the required Battering Intervention and Prevention Program. When the State asked for more details regarding Banks' non-compliance with the program, Banks made an objection under the Sixth Amendment Confrontation Clause, citing *Crawford v. Washington*, 541 U.S. 36 (2004). The trial court overruled his objection. The State then moved to admit Banks' "exit letter," a report from a BIPP staff member to Banks' probation officer, which provided the non-compliance details that Banks had objected to. Banks explicitly waived objection to the State's exhibit.

At the end of the hearing, the trial court revoked Banks' probationary term on three separate grounds and sentenced him to five years in the Texas Department of Criminal Justice with credit for time served. Banks appeals.

## STANDARD OF REVIEW

We review a trial court's decision to revoke a defendant's probation for an abuse of discretion. *State v. Cabral-Tapia*, 572 S.W.3d 751, 753 (Tex. App.—Amarillo 2019, pet. ref'd) (citing *John v. State*, No. 02-17-00372-CR, 2018 WL 3468490, at *1, 2018 Tex. App. LEXIS 5533 at *4 (Tex. App.—Fort Worth July 19, 2018, no pet.) (mem. op., not designated for publication)). To establish an abuse of discretion for a probation revocation, an appellant "must show that no legitimate grounds support it." *Id*. at 754 (citing *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013)).

**WAIVER**

**A.     Parties' Arguments**

Banks argues that the trial court erroneously based its decision to revoke his probation on testimony that violated the Sixth Amendment's Confrontation Clause.  The State argues that Banks waived this argument.

**B.     Law**

An appellate complaint is waived when a party fails to make a timely objection, request, or motion in the trial court.  *See* TEX. R. APP. P. 33.1(a); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Such an objection must be made "each time the inadmissible evidence is offered or obtain a running objection."  *Valle*, 109 S.W.3d at 509 (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)).  This means that even when a party objects to one instance of testimony, the complaint is waived "where the same evidence [e.g., an exhibit containing the same information] comes in elsewhere without objection."  *Id.*; *accord DeNucci v. Matthews*, 463 S.W.3d 200, 211 (Tex. App.—Austin 2015, no pet.) (citing *Schwartz v. Forest Pharms., Inc.*, 127 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

**C.     Analysis**

At Banks' probation revocation hearing, he objected to his probation officer testifying as to the reasons he could not complete the Battering Intervention and Prevention Program, claiming that the testimony violated the Confrontation Clause.  He has brought this issue as his sole complaint on appeal, citing Court of Appeals case *Torres v. State*, 617 S.W.3d 95 (Tex. App.— Houston [1st Dist.] 2020, pet. ref'd).  However, at the probation revocation hearing, the State admitted Banks' exit letter with no objection from Banks.  The exit letter stated, "Client has been EXITED from CATS BIPP program [sic] for violation of BIPP program [sic] policies, excessive absences, conditions offense, non-payment of fees, violation of conditions of probation or parole,

and/or re-offense." This unobjected-to exit letter contains the information that Banks complains of on appeal and to which he objected during his probation officer's testimony. Because the information was admitted without objection via the BIPP staff member's report, we conclude that Banks' Confrontation Clause complaint is waived. *See* TEX. R. APP. P. 33.1(a); *Valle*, 109 S.W.3d at 509.

## CONCLUSION

Although Banks objected to his probation officer's testimony regarding the reasons he was expelled from the Battering Intervention and Prevention Program, he did not object to the same information being admitted through a state's exhibit. Therefore, Banks' sole complaint on appeal is waived, and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish