**Reversed and Remanded and Majority and Dissenting Opinions filed July 11, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00055-CV

---

## IN THE INTEREST OF I.S. AND X.S. AKA X.R., CHILDREN

---

**On Appeal from the 507th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-32359**

---

## D I S S E N T I N G   O P I N I O N

In her first issue, Mother complains that the trial court violated her procedural due process rights because court-imposed time limits on direct- and cross-examination applicable to all participants prevented her from fully presenting her case-in-chief and from fully cross-examining all witnesses. The court sustains this issue; I would overrule it on preservation of error grounds.

The trial court has great discretion in the conduct of a trial. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). Part and parcel to the court's discretionary case oversight is the inherent power to control the disposition of the

cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *See State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *In re M.A.S.*, 233 S.W.3d 915, 924 (Tex. App.—Dallas 2007, pet. denied); Tex. R. Evid. 611(a). A trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time. *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Although this power is broad, it is not unfettered. *Gaylor Inv. Trust P'ship*, 322 S.W.3d at 819; *see Metzger v. Sebek*, 892 S.W.2d 20, 38 (Tex. App.—Houston [14th Dist.] 1997, writ denied). "The control given the trial judge must be exercised reasonably, and a party must be given a fair opportunity to present its case so that the factfinder may ascertain the truth." *In re Moreno*, No. 11-10-00353-CV, 2010 WL 5059519, at *4 (Tex. App.—Eastland Dec. 10, 2010, orig. proceeding) (mem. op.).

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). As the court correctly acknowledges, this preservation requirement applies to due process complaints like Mother's that challenge trial court procedures. *See, e.g.*, *Ex parte Alakayi*, 102 S.W.3d 426, 434-35 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). When a trial court limits the amount of time a party has to present its case, and thereby prevents a party from presenting all of its evidence, the party must object to the time limit and make an offer of proof of the evidence it was prevented from presenting to preserve error on appeal. *In re Ludington*, No. 01-16-00411-CV, 2017 WL 219162, at *4 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (mem. op.); *In re A.E.A.*, 406 S.W.3d 404, 420 (Tex. App.—Fort Worth 2013, no pet.). To effectively preserve error, any objection must not only be specific but

2

timely. *See Johnson v. Nat'l Oilwell Varco, LP*, 574 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (failure to make a timely, specific objection to time limits imposed by a trial court waives any error).

The court states in passing that Mother's objection—I assume it was a due process objection—was timely. The record does not support the court's assertion. During a pre-trial conference eight days before trial, the court explained that they would conduct voir dire on a Tuesday and the parties would present evidence over the remaining three days of that week. The available time for evidence presentation from Wednesday through Friday would be divided equally among the five participating parties: (1) the Department of Family and Protective Services; (2) Mother; (3) Father of X.R.; (4) Father of I.S.; and (5) the children. The court allocated approximately 3.25 hours for each party, to be monitored with timers. Mother asserted no objection. The court explained (more than once) that the time taken by each party for opening statements, as well as any objections and argument during evidence presentation, would be deducted from that party's total time allotment. Mother asserted no objection. The record reflects that Mother's counsel used 20 minutes for her opening statement. Mother was the first witness to testify. During the lunch break on the first day of testimony, the court announced each party's remaining time, stating that Mother had 2 hours, 45 minutes, 51 seconds remaining.[1] Again, Mother asserted no objection.

Testimony continued. During the testimony of the fourth witness, the court took a break and announced each party's remaining time. The court told Mother

---

[1] Of Mother's allotted 3.25 hours of total time, she used 20 minutes for her opening statement. The court's calculation of Mother's remaining time at the first lunch break shows that the court must have deducted approximately 10 minutes from Mother's time for her objections to evidence and arguments occurring during the Department's questioning of Mother that morning. The record supports the trial court's calculation.

that she had 2 hours, 20 minutes, and 44 seconds remaining. Once again, Mother asserted no objection to the time limits or to the calculation of her remaining time.

On the second day of testimony, during Mother's cross-examination of the eighth witness, the court told Mother's counsel that she had 46 minutes remaining. Counsel responded, "Thank you", asserted no objection, and continued with cross-examination. During the next break, the court announced that Mother had 42 minutes, 49 seconds remaining. At that time, Mother's counsel stated that she had not begun her case-in-chief and believed that she could not put on her case in 42 minutes. "If there's any way, we can get more time, we would request it at this time," Mother's counsel asked. The following exchange occurred:

> THE COURT: The Court doesn't have any more time. Y'all announced that that was the time that was required by all of y'all. The Court allotted the time accordingly. If y'all recall at the very beginning, even back when we did the pretrial, this is what -- hang on, Ms. Young. This is what y'all told me.
>
> And I said, okay, this is the hours in the day. As a matter of fact, I've added an extra hour by releasing the jury an hour later yesterday, okay, to be able to allocate enough time for all of y'all.
>
> Mr. Jones is not using his time, only a few minutes here and there. So that's how it's being allotted amongst everyone with the same amount of time.
>
> MS. YOUNG: I'm sorry, Judge.
>
> THE COURT: It was three hours and 15 minutes per side. That's what it was allotted for everyone.
>
> MS. YOUNG: Yeah. I understand, Judge, that that was the time that the Court gave us. I didn't realize that that was the time that we were agreeing to.
>
> THE COURT: That's what y'all agreed to.
>
> MS. YOUNG: And my understanding is that that's the time the Court gave us, not that we could just do it in three hours.

THE COURT: No, ma'am. Y'all said, I can try this case in four days including the jury. And this is four days including the jury. And the Court allotted that time.

MS. YOUNG: Well, we just object to not having enough time to put on our case.

THE COURT: Okay. Ms. Young, your objection is noted. Y'all agreed to this. And the Court is moving forward with this. And I've been giving y'all the time throughout the entire time. Thank y'all.

(Recess taken)

In my view, Mother's counsel's failure to assert an objection to the court's time limitations until after she had used the substantial majority of her allotted time results in waiver because her objection was not timely. *See Rhone v. City of Texas City*, 657 S.W.3d 857, 865 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (to preserve complaint to trial time limits, specific objection is required when court imposed the limit); *State v. Reina*, 218 S.W.3d 247, 254 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (state waived error by failing to object to time limitations at the time the court imposed them); *Schwartz v. Forest Pharms., Inc.*, 127 S.W.3d 118, 126-27 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (concluding that party failed to preserve error as to court's time limit because he failed to object when he first knew of the limitation); *see also Anastasi v. McHorse*, No. 03-23-00274-CV, 2024 WL 968887, at *10 (Tex. App.—Austin Mar. 7, 2024, no pet.) (holding that mother failed to preserve complaint about the trial court's time limits because she failed to make a timely objection at the "earliest possible opportunity" to the time limits set by the trial court). The majority's statement that Mother timely asserted her due process objection to the trial court's time limitations is inconsistent with binding authority from our court and persuasive authority from other appellate courts.

Mother insists that she thought the 3.25-hour limit was the limit for each party's case-in-chief and that she did not know that her objections and arguments would be deducted from her time limit. This assertion is flatly contradicted by the record. It would have been clear from the trial court's explanations during the pre-trial conference and the first day of testimony that the 3.25-hour time limit was not applicable exclusively to each party's case-in-chief. Certainly by the first lunch break on the first day of the first witness's testimony when the trial court announced Mother's remaining time, Mother's counsel would have known that her time allotment had been reduced by opening statements and the time spent by Mother's counsel objecting to evidence and presenting argument on those objections. Yet she asserted no objection to the time limits at that time. Mother's counsel waited until she had 42 minutes remaining before asserting any complaint whatsoever about the trial court's time limitations, which were imposed with the input of all parties, including Mother. Her objection came too late and is therefore waived. Moreover, "when trial courts have set time limits with the input of parties and then held parties to those time limits, reviewing courts have not found a denial of a fair trial." *E.J. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-18-00473-CV, 2018 WL 6627720, at *5 (Tex. App.—Austin Dec. 18, 2018, pet. denied) (mem. op.); *see, e.g.*, *Reina*, 218 S.W.3d at 254-56.

The court errs in holding that Mother preserved her procedural due process complaint. As I conclude Mother waived her procedural due process complaint, I dissent from the court's judgment.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan. (Hassan, J., majority).

6