COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-182-CV

 

 

SUZANNE LEE ZWICK                                                           APPELLANT

 

                                                   V.

 

LEWIS ALAN ZWICK                                                               APPELLEE

 

                                              ------------

 

           FROM THE 233RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In five points, Appellant Suzanne Lee Zwick
challenges the trial court=s
judgment awarding an equal division of the community property proceeds between
her and ex-husband Appellee Lewis Alan Zwick. 
We affirm.








                              II.  Factual and Procedural History

Based on Suzanne=s
recitation of the facts,[2]
Suzanne and Lewis married in February 1983 and had three children before
divorcing in May 2002.  At the end of the
divorce proceedings, the trial court entered an agreed decree of divorce
containing the following provisions regarding Suzanne and Lewis=s
community property house:

[Lewis] and [Suzanne]
shall continue to jointly make all payments of principal, interest, taxes, and
[insurance] on the property during the pendency of the sale, and Respondent,
Suzanne Lee Zwick, shall have the exclusive right to enjoy the use and
possession of the premises until closing. 
All maintenance and repairs necessary to keep the property in its
present condition, shall be paid equally by [Lewis] and [Suzanne].

 

The net sales proceeds
(which are defined as the gross sale and full payment of any mortgage
indebtedness or liens on the property) are hereby awarded equally to [Lewis]
and [Suzanne].

 

The divorce decree also contained the following provision regarding
child support:  AThe
Court makes no finding as to child support at this time since both parties will
have equal time with the children, and will share equally with the care and
expenses of the children.@








In May 2006, Suzanne filed a petition to modify
the parent-child relationship and to clarify the 2002 divorce decree.  Specifically, Suzanne asked the trial court
to revise the child-care provision in the decree by establishing guideline=s for
child support for the one child still under age and living at home.[3]  Suzanne also asked the trial court to review
and clarify the provisions in the decree that pertained to mortgage payments
and maintenance costs for the community property house.  Alternatively, she asked the trial court to
review the expenses and payments made by her and Lewis towards the house, both
individually and jointly, and then to assign the appropriate credits and
debits.  When the house sold in June
2006, and an agreement could not be reached regarding the division of the
profits, Texas Nations Title placed the proceeds into the court registry.








During trial, Suzanne presented evidence that she
had paid the majority of the mortgage payments and maintenance costs between
May 2002 and June 2006.  Lewis presented
evidence that he had reimbursed Suzanne for his portion of the mortgage
payments.  At the close of the evidence,
the trial court rendered judgment as to the distribution of the proceeds from
the sale of the house and later signed a corrected judgment that: (1) awarded
George Petrovich (an appointed master in chancery) $5,250 for reasonable and
necessary attorney=s fees; (2) ordered that Texas
Nations Title receive no monies;[4]
(3) ordered that the remaining balance be divided equally between Suzanne and
LewisCsubject
to an order that Lewis pay Suzanne necessary expenses for the house in the
amount of $3,772; and (4) ordered that the accrued interest earned from the
funds registered with the trial court be divided equally between Suzanne and
Lewis.  This appeal followed.

                                    III.  Standard of Review

A trial judge is charged with dividing the
community estate in a Ajust and right@ manner,
considering the rights of both parties. 
Tex. Fam. Code Ann. ' 7.001
(Vernon 2006); Moroch v. Collins, 174 S.W.3d 849, 855 (Tex. App.CDallas
2005, pet. denied).  The trial court has
broad discretion in making its just and right division, and absent a clear
abuse of discretion, we will not disturb that division.  Murff v. Murff, 615 S.W.2d 696, 698B99 (Tex.
1981); Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.CFort
Worth 2004, no pet.).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838B39 (Tex.
2004).








                      IV.  Findings of Fact and Conclusions of Law

In Suzanne=s first
point, she argues that the trial court erred by failing to file findings of
fact and conclusions of law.  On February
25, 2009, however, upon discovering that the trial court had not issued the
requisite written findings and conclusions, this court ordered the appeal
abated and directed the trial court Ato
complete written findings of fact and conclusions of law.@  The trial court has done so; therefore,
Suzanne=s
complaint that the trial court did not make findings of fact and conclusions of
law is moot.  See Moore v. First Fin.
Resolution Enters., Inc., 277 S.W.3d 510, 514 (Tex. App.CDallas
2009, no pet.).

                                 V.  Master in Chancery Fees

In her second point, Suzanne complains that the
trial court abused its discretion by assessing a portion of the proposed master
in chancery fees against her because she filed a timely objection.








The appointment of a master lies within the sound
discretion of the trial court and should not be disturbed unless a clear abuse
of that discretion is found.  Simpson
v. Canales, 806 S.W.2d 802, 811 (Tex. 1991).  The Supreme Court of Texas has held that ARule 171
is the exclusive authority for appointment of masters in our state courts@ and Aevery
referral to a master, unless authorized by statute or consented to by the
parties, must comply with Rule 171.@  Id. at 810 & n.12 (giving non‑exhaustive
listing of matters authorized by statute). 








On May 14, 2007, the parties appeared and
announced ready for trial; however, the trial court did not hear testimony but
instead pronounced that an auditor would need to be appointed.  On July 26, 2007, both Suzanne=s
counsel and Lewis=s counsel appeared before the
trial court, in chambers, to appoint an auditor.  The trial court, however, did not appoint an
auditor but instead recommended that a master in chancery be appointed.[5]  Both attorneys agreed, and the trial court
directed them to contact Petrovich, a local attorney, and request that he be
appointed as master in chancery.  On
August 1, 2007, Lewis faxed a proposed order for the appointment of the master
in chancery to Petrovich and Suzanne.  On
October 16, 2007, Suzanne filed an objection to the appointment.  The trial court granted Suzanne=s
objection but directed Petrovich to submit a statement for the time he had
spent on the case up to Suzanne=s
objection.  Petrovich submitted a bill
for $5,250, and the trial court found that the amount was a reasonable and
customary fee.  The trial court ordered
that Petrovich=s fees be paid out of Suzanne
and Lewis=s community property proceeds.

Suzanne asserts that she had no knowledge of the
extensive work being done by Petrovich during the two and a half months before
she filed her objection and that as soon as she became aware of Petrovich=s fees,
she filed her objection.  Suzanne claims
that because she did not participate in proceedings before Petrovich and
because Petrovich had yet to do any work on the merits of the case, she timely
filed her objection and therefore should not have to pay a portion of Petrovich=s fees.








In support of her claim, Suzanne directs our
attention to Owens-Corning Fiberglass Corp. v. Caldwell, in which the
court stated that Aa party objecting to a master=s
appointment must make an objection not within some arbitrary time period, but
before it has taken part in proceedings before the master . . . .@  830 S.W.2d 622, 625 (Tex. App.CHouston
[1st Dist.] 1991, no pet.).  Suzanne,
however, has failed to cite the entire conclusion of the Caldwell
opinion.  The court in Caldwell
concluded that Aa party objecting to a master=s
appointment must make an objection not within some arbitrary time period, but
before it has taken part in proceedings before the master[;] or before the
parties, the master, and the court have acted in reliance on the master=s
appointment.@  Id. at 625 (emphasis added).  Here, the trial court acted in reliance on
the parties= consent to appoint a master in
chancery when ordering that Petrovich be appointed, and Petrovich acted in
reliance on that appointment.[6]  Therefore, based on these facts, we cannot
say that the trial court abused its discretion by ordering Suzanne to pay half
of the master in chancery=s fees.  Accordingly, we overrule Suzanne=s second
point.

                                     VI.  Factual Sufficiency

In Suzanne=s third
and fourth points, she argues that the evidence is factually insufficient to
support the trial court=s findings that the community
property proceeds and the interest earned on those proceeds should be divided
equally between her and Lewis.








In family law cases, the traditional sufficiency
standard of review overlaps with the abuse of discretion standard of review;
therefore, factual insufficiency is not an independent ground of error but a
relevant factor in our assessment of whether the trial court abused its
discretion.  Boyd, 131 S.W.3d at
611.  Accordingly, to determine whether
there has been an abuse of discretion because the evidence is factually
insufficient to support the trial court=s
decision, we engage in a two‑pronged inquiry: (1) did the trial court
have sufficient evidence upon which to exercise its discretion, and (2) did the
trial court err in its application of that discretion?  Id.; see also Moroch, 174 S.W.3d at
857.  The applicable sufficiency review
comes into play with regard to the first question.  Boyd, 131 S.W.3d at 611.

When reviewing an assertion that the evidence is
factually insufficient to support a finding, we set aside the finding only if,
after considering and weighing all of the evidence in the record pertinent to
that finding, we determine that the evidence supporting the finding is so weak,
or so contrary to the overwhelming weight of all the evidence, that the answer
should be set aside and a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986) (op. on reh=g); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re King=s Estate, 150
Tex. 662, 244 S.W.2d 660, 661 (1951).

A. 
Community Property Proceeds








In Suzanne=s third
point, she asserts that from May 2002 to June 2006, she contributed more than
Lewis towards the mortgage payments and therefore is entitled to a larger
portion of the proceeds.  During trial,
Suzanne testified in pertinent part to the following:  from May 2002 to July 2003, she alone paid
the mortgage payments and did so from her separate account; from August 2003 to
April 2005, the mortgage payments were paid from a joint checking account that
belonged to her and Lewis; and, from May 2005 to June 2006, she paid the
mortgage payments out of her separate account. 
Suzanne=s evidence included copies of
the checks she had written to the mortgage company.

On the other hand, Lewis testified that over the
period of time in question, he and Suzanne owed a total of $90,313.17[7]
in mortgage payments.  Of that, they paid
$41,316.46 out of their joint checking account. 
Suzanne paid the remaining $48,996.70 out of her separate account.  That left Lewis owing Suzanne approximately
$24,498.00.  Lewis testified that he had
reimbursed Suzanne $20,675.00, leaving a balance of approximately $3,823.00.  As evidence of the reimbursement, Lewis
introduced copies of the checks he had written to Suzanne.








Suzanne contends that the evidence supports a
finding that the $20,675.00 Lewis paid to her was for child support and not in
reimbursement for back mortgage payments. 
In support of this argument, Suzanne directs our attention to Lewis=s
bankruptcy filingsCfiled in 2002Cin which
Lewis stated that he did not have a mortgage obligation but did pay monthly
child support.  However, a majority of
the twenty-three checks written by Lewis to Suzanne were either blank in the
memo section or contained the word Amortgage@Conly
five out of the twenty-three contained the word Asupport.@

Based on this, we cannot say that the evidence is
so weak, or so contrary to the overwhelming weight of all the evidence, that it
will not support the trial court=s
finding that the checks were written in reimbursement for back mortgage
payments.  See In re Barber,
982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding) (holding that an abuse of
discretion does not occur where the trial court bases its decisions on
conflicting evidence).  Therefore, we
hold that the trial court did not abuse its discretion by equally dividing the
community property proceeds between Suzanne and Lewis.  Accordingly, we overrule Suzanne=s third
point.

B.  Earned
Interest








In Suzanne=s fourth
point, she argues that the trial court should have divided the interest earned
on the proceeds in the same manner as it divided the principal amountCfifty-six
percent to Suzanne and forty-four percent to Lewis.  Specifically, Suzanne argues that because the
trial court awarded her $38,521.78 of the total principal amount of $69,499.56,
she received fifty-six percent of the principal and therefore is entitled to
the same division on the interest earned on that principal.  However, Suzanne does not cite to any
authority to support her argument.  See
Tex. R. App. P. 38.1(i) (requiring appellant=s brief
to include Aappropriate citations to
authorities and to the record@).  And we do not believe the facts support such
an inference, nor can we find anything in the record to support Suzanne=s
argument.

On the contrary, the trial court=s
corrected judgment contains the following relevant language:

After the first
distribution, subject to the below provision for necessary expenses, the Court
orders that the remaining principal balance of $69,499.56, shall be divided
equally (50%) between the Petitioner, SUZANNE ZWICK, and Respondent, LEWIS
ZWICK.  The Court finds and orders that
LEWIS ZWICK=S share of the necessary
expenses for the home is $3,772.00. 
Therefore, the Petitioner shall receive $38,521.78 and the Respondent
shall receive $30,977.78.  Subject to ' 117.005 of the Texas
Government Code, the Court awards that the accrued interest earned from the
funds registered with the Court to be divided equally to the Petitioner and
Respondent; Petitioner shall receive 50% and Respondent shall receive 50% of
the accrued interest. [Emphasis added.]

 

We read the plain language of the judgment to say that the trial court
divided the principal amount equally between Suzanne and Lewis.  Lewis=s fifty
percent was then decreased by the amount that he owed Suzanne and, as a result,
Suzanne received fifty percent of the principal amount plus Lewis=s
payment for expenses, not fifty-six percent of the principal.








Therefore, because Suzanne based her argument on
the ground that the trial court should have divided the accrued interest in the
same manner that it divided the principal amount, and because we have concluded
that the trial court divided the principal amount equally between Suzanne and
Lewis, less what Lewis owed to her out of the principal, we hold the trial
court did not abuse its discretion by dividing the accrued interest as stated
in the judgment.  See Tex. Fam.
Code Ann. ' 7.001.  Accordingly, we overrule Suzanne=s fourth
point.

                                  VII.  Fair and Impartial Trial

In Suzanne=s fifth
point, she contends that the trial court denied her a fair and impartial trial
as guaranteed by the Texas constitution. 
Specifically, Suzanne complains that the trial court abused its
discretion by requiring her to complete her entire case in twenty-five
minutes.  However, failure to object to
time limits imposed by a trial court waives any error.  Schwartz v. Forest Pharm., Inc., 127
S.W.3d 118, 126B27 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied).  After a
thorough review of the record, we conclude that Suzanne did not object to the
time limitation and therefore has failed to preserve this complaint for
review.  See id.  Accordingly, we overrule Suzanne=s fifth
point.








                                         VIII.  Conclusion

Having dismissed Suzanne=s first
point as moot, and having overruled Suzanne=s
remaining points, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

PANEL:  CAYCE, C.J.; WALKER and
MCCOY, JJ.

DELIVERED:  June 4, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 38.1(g)
(AIn a civil case, the
court will accept as true the facts stated unless another party contradicts
them.@).





[3]By the time this case
went to trial, all three of Suzanne and Lewis=s children had reached
the age of majority; therefore, the trial court did not hear this issue and
Suzanne does not appeal on any grounds pertaining to child support.





[4]The trial court found
that Texas Nations Title had already received its respective attorney=s fees and costs for the
litigation.





[5]Because the conference
took place in chambers, no reporter=s record exists. 
However, a majority of both party=s recitations of the facts regarding the
conference do not contradict; therefore, we take those as true.  See Tex. R. App. P. 38.1(g).  Furthermore, the trial court made findings of
fact that went unchallenged as to what occurred during the conference.  See McGalliard v. Kuhlmann, 722 S.W.2d
694, 696 (Tex. 1986) (holding that where the trial court=s findings of fact are
unchallenged by complaint on appeal, they are binding on the appellate court
and are entitled to the same weight as a jury verdict, unless the contrary is
established as a matter of law or there is no evidence to support the finding).





[6]The trial court made the
following findings to which no challenges were made: (1) the attorney=s for both parties
consented to the appointment of a master in chancery, (2) Suzanne=s attorney had the
apparent authority to make agreements on her behalf, (3) the trial court relied
on her attorney=s apparent authority, and
(4) Petrovich reasonably believed that he was authorized by the trial court and
the parties to perform the services he performed.  See McGalliard, 722 S.W.2d at 696.





[7]Lewis testified that the
total was $90,072.29; however, in a spreadsheet offered as an exhibit, he lists
the amount of $90,313.17.