Elisabeth S. BROCKIE, Appellant

v.

Brian L. WEBB and Webb &
Ackels, P.C., Appellees.

No. 05–06–01711–CV.

Court of Appeals of Texas,
Dallas.

Feb. 11, 2008.

Edward B. Klein, Attorney At Law, Carrollton, TX, for Appellant.

Miriam L. Ackels Claerhout, Ashlie L. Thomas, Webb & Associates, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice WRIGHT.

Brian L. Webb and Webb & Ackels, P.C. (collectively Webb) intervened in Elisabeth Brockie's divorce action seeking to recover unpaid attorney's fees. Brockie appeals from the trial court's judgment awarding unpaid attorneys fees in the amount of $16,467.72 and additional attorney's fees in the amount of $33,803.95 incurred in defending Brockie's counterclaim for legal malpractice. In four issues, Brockie contends: (1) the trial court erred in proceeding without a jury; (2) the trial court erred in setting time limits for presenting her claims at trial; (3) the evidence is legally and factually insufficient to support the award of attorney's fees in favor of Webb; and (4) the evidence is legally and factually insufficient to support the award of additional attorney's fees in favor of Webb for fees incurred in defending against the counterclaim. We sustain Brockie's fourth issue, reverse the award of attorney's fees in the amount of $33,803.95, and remand that issue to the trial court for proceedings consistent with this opinion. In all other respects, we affirm the trial court's judgment.

## Background

Webb represented Brockie in a contentious divorce action for nearly four years. On June 1, 2006, Webb filed a motion to withdraw as counsel for failure to pay attorney's fees. The trial court granted the motion on June 7, 2006. On that same date, Webb filed its petition in intervention seeking the unpaid attorney's fees. Both Brockie and her husband, Robert Brockie, filed motions to sever the intervention from the divorce action. The trial court did not rule on either of the motions to sever.

Trial began on July 5, 2006. The following day, Brockie filed a motion for continu-

ance. The trial court granted the motion and continued the trial until July 31, 2006 for final prove up of the divorce and testimony on the intervention.

On July 17, 2006, Brockie filed an original counterclaim to the petition in intervention and a request for jury trial. When the trial continued on July 31, 2006, the trial court denied Brockie's request for a jury trial as untimely filed. At the conclusion of trial, the trial court granted the petition in intervention. The trial court entered judgment on September 26, 2006. This appeal timely followed.

### Request for Jury Trial

■ In her first issue, Brockie contends the trial court erred in denying her request for a jury trial. We review a trial court's denial of a jury trial for an abuse of discretion. *See Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). To obtain a jury trial, a party must generally make a written request no less than thirty days before the date set for trial and pay the jury fee. Tex.R. Civ. P. 216. By the terms of rule 216, a party may waive its right to a jury if the party makes the request after the case is certified for trial and less than 30 days before trial. *See Wright v. Brooks*, 773 S.W.2d 649, 651 (Tex.App.-San Antonio 1989, writ denied).

■ Trial on both the divorce and petition in intervention began on July 5, 2006. Brockie filed her request for a jury trial twelve days later on July 17, 2006. Thus, her demand was not timely. *See* Tex.R. Civ. P. 216. Under these circumstances, we conclude the trial court did not abuse its discretion in denying Brockie's request for a jury. *See Williams v. Williams*, 19 S.W.3d 544, 546 (Tex.App.-Fort Worth 2000, pet. denied) (holding not an abuse of discretion to deny jury request made on first day of hearing). We overrule Brockie's first issue.

### Time Limits

■ In her second issue, Brockie contends the trial court erred imposing time limits on the presentation of the case. Failure to object to time limits imposed by a trial court waives any error. *Schwartz v. Forest Pharmaceuticals, Inc.*, 127 S.W.3d 118, 126–27 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

■ The trial court allotted each side fifteen minutes to present their case with respect to the petition in intervention. Brockie did not object to this time limitation. Accordingly, she has failed to preserve this complaint for review. *See Schwartz*, 127 S.W.3d at 126–27. We overrule Brockie's second issue.

### Sufficiency of the Evidence

In her third and fourth issues, Brockie complains that the evidence is legally and factually insufficient to support the award of Webb's unpaid attorney's fees and the award of additional attorney's fees incurred in defending Brockie's counterclaim.

■ In reviewing a trial court's findings of fact for legal and factual sufficiency of the evidence, we apply the same standards we apply in reviewing the evidence supporting a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). When the appellate record contains a reporter's record as it does in this case, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).

When, as in this case, the appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ). When reviewing the record, we look to see whether any evidence supports the challenged finding. *BBQ Blues Texas, Ltd. v. Affiliated Business Brokers, Inc.*, 183 S.W.3d 543, 545 (Tex.App.-Dallas 2006, pet. denied). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *Westech Eng'g*, 835 S.W.2d at 196.

By contrast, when an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding. *Westech Eng'g*, 835 S.W.2d at 196. In reviewing this point, we consider, weigh, and examine all the evidence presented at trial. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We set aside a finding for factual insufficiency only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

In reviewing the sufficiency of the evidence supporting an award of attorney's fees, we consider the following factors:

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. the likelihood that the acceptance of the particular employment will preclude other employment;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;
6. the nature and length of the professional relationship with the client;
7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

See *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). It is not necessary, however, that the record include evidence on each of these factors. See *Burnside Air Conditioning v. T.S. Young*, 113 S.W.3d 889, 897–98 (Tex.App.-Dallas 2003, no pet.). Generally, the nature and extent of the attorney's services are expressed by the number of hours and the hourly rate. *Id.* However, there is no rigid requirement that these facts must be introduced into evidence to support a finding that attorney's fees are necessary and reasonable. *Id; Hays & Martin, L.L.P. v. Ubinas–Brache, M.D.*, 192 S.W.3d 631, 636 (Tex. App.-Dallas 2006, pet. denied). In *Hays & Martin*, this Court affirmed an award of attorney's fees where the evidence did not include evidence of the number of hours spent working on the case. *Hays & Martin L.L.P.*, 192 S.W.3d at 637. The attorney testified as to his hourly rate and that of another partner who worked on the case. He testified that the case was procedurally complicated and specified some of the work involved including numerous discovery motions, responses to jurisdictional

motions, and a continuance. *Id.* We concluded that the factfinder had evidence upon which to determine the reasonableness and necessity of the attorney's fees. *Id.*

■ In its findings of fact, the trial court found that Brockie "incurred $16,467.72 in unpaid attorney's fees, expenses, and costs, which were reasonable and necessary for her representation by Brian L. Webb and the Firm in this divorce matter." The evidence presented in support of Webb's fees in its representation of Brockie included an itemized bill setting forth the service, the person who performed the service, and the hourly rate. Webb testified that he believed the fees incurred in the representation of Brockie were both reasonable and necessary. Webb also stated that the firm's fee agreement with Brockie provided that she was to raise any concerns regarding a bill within thirty days of its receipt. Brockie never questioned any bill. On cross-examination, Webb described some of the services on the bill and explained the amount billed for such services.

We conclude the evidence with respect to Brockie's unpaid attorney's fees was both legally and factually sufficient to support the trial court's finding regarding same. Accordingly, we overrule Brockie's third issue.

In her fourth issue, Brockie asserts the evidence is legally and factually insufficient to support the trial court's award of additional attorney's fees incurred by Webb in defending the counterclaim. With respect to these attorney's fees, the trial court found that such fees in the amount of $33,803.95 were reasonable and necessary.

■ Initially, Brockie argues attorney's fees are not recoverable for defending against a counterclaim. To recover attorney's fees under section 38.001, a par-

ty must prevail on a claim for which attorney's fees are recoverable. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). Section 38.001 does not provide for attorney's fees in the pure defense of a claim. However, if the plaintiff's breach of contract claim and the defendant's counterclaim arise from the same transaction and the same facts required to prosecute the claim are required to defend against the counterclaim, then attorney's fees may be appropriate. *De La Rosa v. Kaples,* 812 S.W.2d 432, 434 (Tex.App.-San Antonio 1991, writ denied). In this case, Webb's claim and Brockie's counterclaim arose from the same transaction and the same facts required to prosecute the claim were also required to defend against the counterclaim. Accordingly, we conclude attorney's fees incurred in defending the counterclaim are recoverable.

Brockie also contends that Webb failed to properly present his claim to Brockie as required by statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.002(2) (Vernon 1997). Webb testified at trial that his firm sent several demand letters to Brockie prior to filing the petition in intervention. The testimony was uncontroverted. Accordingly, we conclude that Webb properly presented his claim to Brockie.

■ We turn now to the sufficiency of the evidence to support the award of attorney's fees incurred in defending the counterclaim. Webb testified that his firm hired another law firm to defend Webb against Brockie's counterclaim. Webb sought to recover the attorney's fees charged by the other law firm. Evidence as to this other law firm's fees is scant. Webb testified that he incurred legal fees in the approximate amount of "$28,000 plus some expenses that are estimated at $2,500." When questioned as to what the estimated expenses were for, Webb re-

911

plied, "I'm not sure exactly what they are, it's the estimate that was provided me; and with additional time, I've been told approximately $35,000 will be an appropriate fee for them." The only documentary evidence of the amount owed to the other law firm is a Webb & Ackels, P.C. bill to Brockie that lists an amount of $27,041.45 due to the other law firm with a transaction date of July 30, 2006. Webb also testified that he believed the fees incurred in defending Brockie's counterclaim were reasonable and necessary fees.

Webb presented some evidence as to the fees it incurred in defending the counterclaim. However, we conclude Webb failed to present factually sufficient evidence from which a factfinder could determine the reasonableness and necessity of the fees incurred in defending the counterclaim. There is no evidence of the number of hours expended working on the defense of the counterclaim or the hourly rates charged therefore. There is no evidence of specific services performed by the other law firm. There is no statement from the law firm charging these fees and no testimony from the lawyers who performed the services. The only evidence presented was a lump sum amount on Webb's bill to Brockie and Webb's testimony that such fees were reasonable and necessary. In light of these circumstances, we conclude the evidence is factually insufficient to support the trial court's finding that such fees were necessary and reasonable. *See Hays & Martin L.L.P.*, 192 S.W.3d at 637. We sustain Brockie's fourth issue.

We reverse the trial court's award of attorney's fees in the amount of $33,803.95 and remand this issue to the trial court for proceedings consistent with this opinion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21–22 (Tex.1998) (if court finds evidence of attorney's fees insufficient, it may remand for further proceedings). In all other re-

spects, we affirm the trial court's judgment.