Affirmed and Memorandum Opinion
filed February 3, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00961-CV



Lauro Arellano, Appellant 

v.

Don McGill
Toyota of Katy, Inc., Appellee 



On Appeal from
the County Civil Court at Law No. 2

Harris County, Texas

Trial Court
Cause No. 913,178



 

MEMORANDUM OPINION 

An automobile owner appeals the trial court’s
judgment in favor of an automobile dealership that prevailed in its suit to
recover repair costs.  In three issues, the automobile owner challenges the
sufficiency of the evidence supporting the trial court’s judgment, claiming (1)
there was no legally binding automobile repair contract between the parties,
(2) the record contains no evidence of actual damages, and (3) no evidence
supports the award of attorney’s fees.  We affirm.

Factual and Procedural
Background

Appellant Lauro Arellano’s vehicle was damaged in an
automobile collision.  Arellano brought the vehicle to appellee Don McGill
Toyota of Katy (hereinafter the “Dealership”), an automobile dealership and
automotive repair shop, seeking an estimate for automotive repairs to the
vehicle.  An initial estimate to repair the vehicle amounted to $3,248.66.

The parties entered into an agreement under which Arellano
was to purchase a new vehicle from the Dealership and trade in the damaged vehicle. 
Together, the parties inspected the damaged vehicle, which had been taken apart
in the repair shop, to determine a trade-in value.  According to the parties’ agreement,
Arellano received a trade-in allowance of $19,000 on the vehicle.  The written agreement
expressly states, “Purchaser shall be responsible for any loss in value in the
event that any representation or warranty is untrue or in the event that the
trade vehicle has any loss in value from the bid or appraisal.”

A document relating to the repair of the vehicle and bearing
Arellano’s signature was admitted at trial.  Ultimately, the total cost to
repair Arellano’s vehicle amounted to $6,754.54.  The Dealership received
$3,505.88 from an insurance carrier for repairs to the vehicle, leaving a remaining
balance of $3,248.66 for the repairs.  The Dealership claimed to have repaired
the vehicle and demanded payment from Arellano, but Arellano failed to pay the
Dealership the remaining balance. 

The Dealership brought suit against Arellano in the
justice court seeking to recover the cost to repair the trade-in vehicle.  The
Dealership asserted breach of contract, conversion, and fraud, and sought
$3,248.66 in damages and reasonable attorney’s fees and costs.  The justice
court entered judgment in favor of the Dealership.

Arellano filed a de novo appeal to the county court. 
Following a bench trial, the trial court entered a final judgment, awarding the
Dealership $3,248.66 in actual damages and $10,250.00 for attorney’s fees and
costs.  The trial court subsequently entered findings of fact and conclusions
of law.  Arellano now appeals the trial court’s judgment.

Issues and Analysis[1]

In conducting a legal-sufficiency review, we consider
the evidence in the light most favorable to the challenged finding and indulge
every reasonable inference that would support it.  City of Keller v. Wilson,
168 S.W.3d 802, 823 (Tex. 2005).  We must credit favorable evidence if a
reasonable factfinder could and disregard contrary evidence unless a reasonable
factfinder could not.  See id. at 827.  We must determine whether the
evidence at trial would enable reasonable and fair-minded people to find the
facts at issue.  See id.  The factfinder is the only judge of witness
credibility and the weight to give to testimony.  See id. at 819.

When reviewing a challenge to the factual sufficiency
of the evidence, we examine the entire record, considering both the evidence in
favor of, and contrary to, the challenged finding.  Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).  After considering and weighing all the evidence,
we set aside the fact finding only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  The trier of fact is the sole
judge of the credibility of the witnesses and the weight to be given to their
testimony.  GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599, 615B16 (Tex. App.CHouston [14th Dist.] 2001,
pet. denied).  We may not substitute our own judgment for that of the trier of
fact, even if we would reach a different answer on the evidence.  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  The amount of
evidence necessary to affirm a judgment is far less than that necessary to
reverse a judgment.  Pascouet, 61 S.W.3d at 616.

In his first two issues, Arellano asserts that the
evidence is legally insufficient to support the trial court’s judgment because,
he claims, there was no agreement to repair the vehicle and no evidence of
actual damages.

Although Arellano asserts that he sought only an
estimate for the repairs, the Dealership produced a document bearing Arellano’s
signature authorizing repairs to the damaged vehicle.  The document contains
the following language:

You are hereby
authorized to make the above specified repair.  I understand that payment in
full will be due upon release of the vehicle, including additional supplemental
damages charges, . . .  I authorize any and all supplements payable directly to
you. 

The Dealership’s general
manager testified that Arellano brought the damaged vehicle in for repair. 
According to the manager, when the men inspected the vehicle together to
determine a trade-in value, repairs already were underway and Arellano did not
object to the repairs being made.

At trial, Arellano claimed that when he traded in the
damaged vehicle, he understood that the $19,000 he received as a trade-in
allowance was in exchange for the damaged vehicle “as is.”  But, the purchase
agreement reflecting the parties’ trade-in agreement provides that Arellano, as
the purchaser, “shall be responsible for any loss in value in the event that .
. . the trade vehicle has any loss in value from the bid or appraisal.”  In its
ruling, the trial court noted that Arellano’s testimony was unreliable and that
Arellano contradicted himself at times.  The trial court, as factfinder, may
determine the weight of the evidence and judge the credibility of witnesses.  See
City of Keller, 168 S.W.3d at 819.  The evidence is sufficient to establish
a repair contract.  See Jones v. Star Houston, Inc., 45 S.W.3d 350, 354
(Tex. App.—Houston [1st Dist.] 2001, no pet.).  Arellano’s first issue is
overruled.

Moreover, the record reflects that the Dealership
introduced evidence of the remaining balance for repairs to the vehicle ($3,248.66),
which Arellano did not pay.  The Dealership’s general manager testified that
the Dealership sustained out-of-pocket costs to repair the vehicle in the
amount of $3,248.66.  Although the repair agreement indicates that Arellano
authorized insurance payments to be sent to the Dealership, the record reflects
that Arellano cashed a check from his insurance carrier in the amount of
$3,248.66, which is the same amount that the trial court awarded the
Dealership.  To the extent Arellano argues on appeal that the Dealership did
not prove its damages because the Dealership sold the repaired vehicle for more
than it paid Arellano at the time of the trade-in, this fact does not dispense with
Arellano’s obligation to pay for the repairs under the repair agreement.  The
evidence is sufficient to support the trial court’s award of $3,248.66. 
Arellano’s second issue is overruled.

In Arellano’s third issue, he claims that the
evidence is legally and factually insufficient to support the award of
attorney’s fees.  According to Arellano, although the trial court did not award
$25,000 in attorney’s fees the Dealership had requested, the trial court still
erred in making an award of $10,250 because this amount is unreasonably excessive
and not supported by the evidence.

Attorney’s fees are statutorily authorized for breach-of-contract
actions; the Dealership prevailed on its claims and was awarded damages.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 38.001(8) (West 2010); Gill Sav. Ass’n v. Chair King, Inc., 797 S.W.2d
31, 31 (Tex. 1990).  The trial court has discretion to set the amount of
attorney’s fees, provided that the award is supported by credible evidence.  See
Hassell Constr. Co., Inc. v. Stature Commercial Co., 162 S.W.3d 664, 668
(Tex. App.—Houston [14th Dist.] 2005, no writ).  Under section 38.004 of the
Texas Civil Practice and Remedies Code, entitled “Judicial Notice,” in a bench
trial, the trial court, without receiving evidence, can take judicial notice of
the usual and customary attorney’s fees and the contents of the case file.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 38.004 (West 2010). 

Arellano asserts that the award is not supported by
adequate proof given that trial counsel for the Dealership failed to state the
number of hours spent on the case.  Trial counsel for the Dealership testified
as an expert as to the reasonableness and necessity of the attorney’s fees, explaining
the work involved in litigating the issues before the justice court and the
trial court.  The attorney’s standard billing rate was $205 per hour.  The trial
court admitted into evidence the firm’s invoices showing the amounts that were
charged and billed to the Dealership.  The record reflects that the Dealership’s
trial counsel did not provide a tally of hours, but he suggested that the
amount of $25,000 could be divided by the billable rate of $205 to determine
the number of hours spent working on the case.  There is no requirement that
evidence of hours and an hourly rate be introduced to support a finding that
attorney’s fees are necessary and reasonable.  See Brockie v. Webb, 244
S.W.3d 905, 909 (Tex. App.—Dallas 2008, pet. denied).  The proceedings,
together with the trial court’s taking of judicial notice of the usual and
customary fees, constitute some evidence to support the award of attorney’s
fees.  See Gill Sav. Ass’n, 797 S.W.2d at 32 (concluding evidence
was factually sufficient to support award of attorney’s fees); Brockie,
244 S.W.3d at 909 (concluding evidence was legally and factually sufficient to
support award of attorney’s fees).

Arellano also asserts that the attorney’s fees award
was unreasonably excessive.  Factors for the trial court to consider when
determining the reasonableness of attorney’s fees include:

1.         the time and labor required, the novelty and
difficulty of the questions involved, and the skill required to perform the
legal service properly;

2.         the likelihood that acceptance of the particular
employment will preclude other employment by the lawyer;

3.         the fee
customarily charged in the locality for similar legal services;

4.         the amount
involved and the results obtained;

5.         the time
limitations imposed by the client or by the circumstances;

6.         the nature and
length of the professional relationship with the client;

7.         the experience, reputation, and ability of the
lawyer or lawyers performing the services; and

8.         whether the fee is fixed or contingent on
results obtained or uncertainty of collection before the legal services have
been rendered.

See Arthur Anderson &
Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).  Section 38.003
establishes a presumption that the “usual and customary attorney’s fees for a
claim of the type described in section 38.001 are reasonable.”  Tex. Civ. Prac. & Rem. Code Ann. §
38.003 (West 2010).  

According to the Dealership’s expert, the case
presented a number of challenges, and he cited difficulty getting responses and
documents from opposing counsel and in procuring dates and hearings.  The
expert testified that the Dealership attempted to follow the less-costly path
by filing first in the justice court to resolve its claims; but the Dealership
was forced to defend its claims when Arellano appealed to the trial court.  The
record reflects that the parties went to trial twice:  once before the justice
court and again at the bench trial currently under review.  The attorney for
the Dealership noted that the parties participated in mediation and engaged in
discovery disputes, as well as numerous attempts to schedule depositions and
mediation.  According to the testimony at trial, the case presented the firm
with a novel and difficult issue, resulting in the firm having to give up other
engagements.  

The trial court ruled that the an attorney’s fees award
in the amount of $25,000 would be excessive, given that the request was more
than five times the amount of damages awarded.  The trial court noted that
without actual hours appearing on the firm’s invoices, it was difficult to
determine whether the service and charges were reasonable.  According to the
trial court, fifty hours would be more reasonable, given the time spent between
the two trials in the justice court and the trial court.  Noting for the record
that the bench trial already had lasted six hours, the trial court estimated
that between the two trials, the parties likely spent twelve to fifteen hours
in trial or preparing for trial, three to four hours for the three hearings set
before the trial court, three to four hours to attend the motions docket, one
hour or more on the hearing for the motion to compel, and unspecified time on
legal research.  The trial court ruled that “50 hours probably gets your Motion
to Compel prepared, before you do it, your telephone calls, your scheduling,
and your trying to get mediations, any research you had to do on the various causes
or [sic] actions, the preparation of the petitions, the review of the citation,
the motion for substituted service, if there was one.”  Given the amount of
time invested in this case, we cannot say that the attorney’s fees awarded are
excessive or unreasonable.  See USAA County Mut. Ins. Co. v. Cook, 241
S.W.3d 93, 103 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (determining
evidence to be sufficient in supporting reasonable award of attorney’s fees for
$23,310 at $150 hour for a $2,000 claim).

Arellano also objects to the award of attorney’s fees
because the fees were not segregated so that unreasonable or “unrecoverable
tasks” would not be included.  To preserve a complaint for appellate review, a
party must present a timely request, motion, or objection, state with
specificity the grounds for the ruling requested, and obtain a ruling from the
trial court.  See Tex. R. App. P.
33.1(a).  A party that fails to object to an award of attorney’s fees based on
testimony of unsegregated fees fails to preserve the issue for appeal.  See
Green Int’l v. Solis, 951 S.W.2d 384, 389 (Tex. 1997); Bencon Mgmt.
& Gen. Contracting, Inc v. Boyer, 178 S.W.3d 198, 208 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).  Arellano did not object, either at
trial or in a post-trial motion, to the attorney’s fees based on a failure to
segregate.  Nor did Arellano undertake to cross-examine the expert for the
Dealership regarding segregation of attorney’s fees.  Therefore, Arellano has
waived this issue for appellate review.  See Tex. R. App. P. 33.1(a).

Based on the record and the applicable standards of
review, we conclude the evidence is both legally and factually sufficient to
support the trial court’s finding that $10,250 is a reasonable attorney’s fee
through the trial court level for this collection action resulting in the
recovery of a principal amount of $3,248.66.  See Gill Sav. Ass’n, 797
S.W.2d at 32; Brockie, 244 S.W.3d at 909 (determining evidence was
legally and factually sufficient to support award of attorney’s fees even if
hours spent on the case was not introduced into evidence).  Accordingly,
we overrule Arellano’s third issue.

The trial court’s judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

 









[1]
In his appellate brief Arellano has provided no citation to legal authority for
any of the three issues presented.  To present an issue for appellate review, “the
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”  Tex. R. App. P. 38.1(i).  Although
appellant has not cited any cases or legal authority in support of his
arguments for any of the issues, in the interest of justice, we consider
Arellano’s three appellate issues, in which he challenges the sufficiency of
the evidence to support the trial court’s judgment.