

# NUMBER 13-13-00098-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DR. FRANK MORA AND FIRST VISTA INVESTMENTS, LLC

### On Petition for Writ of Mandamus and Motion for Emergency Relief.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria Memorandum Opinion by Chief Justice Valdez[1]

By petition for writ of mandamus, relators Dr. Frank Mora and First Vista Investments, LLC ("First Vista"), contend in one issue that the underlying trial court judgment is interlocutory and, therefore, the trial court erred in denying their motion to modify the judgment to render it final and appealable. Concluding that the judgment at issue is final, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

First Vista and Mora, as guarantor, leased 1800 Main Place in McAllen, Texas, from TCP Main Place Partners, LP ("TCP"). First Vista thereafter brought suit against TCP alleging, inter alia, that it had misrepresented the size of the area subject to lease. TCP filed a counterclaim against First Vista for failure to make payments under the lease and filed a third party claim against Mora as guarantor of the lease. Mora filed a general denial to TCP's counterclaim. The prayer of his general denial stated:

> Cross Defendant prays the Court, after notice and hearing or trial, enters judgment in favor of Cross Defendant, awards Cross Defendant the costs of court, attorney's fees, and such other and further relief as Cross Defendant may be entitled to in law or in equity.

The dispute was ultimately tried to a jury, which found that First Vista and Mora breached the commercial lease. On June 21, 2011, the trial court entered judgment on the verdict in favor of TCP jointly and severally against First Vista and Mora in the amount of $702,299.16, along with attorney's fees and interest. The judgment, entitled "Final Judgment," provided that it was "final, disposes of all claims and all parties, and is appealable." In the judgment, the trial court also "order[ed] execution to issue for this judgment." First Vista and Mora did not appeal.

TCP began efforts to collect the judgment and issued post-judgment discovery to First Vista and Mora. In March of 2012, TCP filed a motion for contempt against First Vista and Mora on grounds they had failed to comply with an order requiring them to produce post-judgment discovery. On May 8, 2012, First Vista and Mora filed a motion to modify the judgment on grounds that the judgment was not final because it did not dispose of Mora's request for attorney's fees. The trial court did not immediately rule on the motion to modify, and the parties continued to dispute the extent and scope of post-

2

judgment discovery. In July of 2012, the trial court issued an order compelling First Vista and Mora to produce records in response to requests for production and ordered Mora to appear for deposition. On January 23, 2013, the trial court denied the motion to modify the judgment. The parties continued to engage in discovery matters. In December of 2012, TCP filed a first supplemental motion for contempt, contending that First Vista and Mora had failed to comply with the order rendered in July requiring the production of documents. In January of this year, the trial court issued a show cause order requiring First Vista and Mora to appear and address their alleged failure to comply with the trial court's orders requiring discovery. The record currently before us does not indicate the trial court's ruling on this issue.

On February 13, 2013, relators filed this original proceeding. In conjunction with their petition for writ of mandamus, relators filed a motion for emergency relief requesting that we stay the underlying trial court proceedings. By order issued that same day, we granted the request for emergency relief and ordered the trial court proceedings, including any actions regarding enforcement of the judgment at issue herein, to be stayed. We further requested that TCP file a response to the petition for writ of mandamus. On February 14, 2013, TCP filed a motion for reconsideration of the stay, its response to the petition for writ of mandamus, and a motion for sanctions on grounds the petition was frivolous.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relators must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

3

proceeding). The relators have the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

### III. ANALYSIS

By one issue, relators contend that the trial court abused its discretion in denying their motion to modify the judgment when the judgment did not dispose of all claims and parties, "thereby making the judgment an interlocutory judgment that cannot be appealed." Relators specifically contend that the judgment at issue failed to address Mora's pending claim for attorney's fees as recited in his prayer.[2] As stated by the Texas Supreme Court, "[a] claim for attorney's fees is not an affirmative claim where it is based solely on the defense against the other party's claims but is an affirmative claim where it is based on an independent ground or as a sanction." *Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008). Accordingly, a request for attorney's fees in the defendant's answer and in the pleading's prayer, not made in connection with an affirmative claim alleging that the opposing party has independently committed a breach of the party's contract, does not constitute a claim for affirmative relief. *See Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.); *see also Johnson v. Hope Vill. Apartments*, No. 09-09-00526-CV, 2010 Tex. App. LEXIS 8619, at **9–10 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.). The provisions of the civil practice and remedies code providing for

---

[2] Relators also argue that Mora did not appear at the trial of this case as a party defendant, but merely as a "witness," and argue that the judgment does not indicate that he was present at trial or how his claims were disposed. In response, TCP points out that Mora was represented at the trial of this cause by counsel

4

the recovery of attorney's fees in breach of contract cases do not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their own contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008); *Am. Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 547 (Tex. 1986) (holding defendant could not recover attorneys' fees under predecessor to section 38.001 when defendant did not present contract claim); *see also, e.g., Polansky v. Berenji*, No. 03-11-00592-CV, 2012 Tex. App. LEXIS 10180, at **10–13 (Tex. App.—Austin Dec. 7, 2012, no pet.) (op.); *Brockie v. Webb*, 244 S.W.3d 905, 910 (Tex. App.—Dallas 2008, pet. denied) ("Section 38.001 does not provide for attorney's fees in the pure defense of a claim."); *Energen Res. MAQ, Inc. v. Dalbosco*, 23 S.W.3d 551, 558 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (holding defendant that did not present its own claim under chapter 38 could not recover attorneys' fees).

Mora's answer does not include any affirmative claims against TCP for an alleged breach of the lease. Moreover, the answer contains no analysis or citation supporting Mora's request for attorney's fees or any statement explaining the basis of his claim for attorney's fees. We conclude that Mora's answer does not contain a statement of an affirmative claim for relief as contemplated by Rule 47 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 47 (governing pleadings containing claims for relief). Therefore, Mora had no pending independent claim for attorney's fees against TCP when the matter was submitted to the jury or when the trial court entered judgment in this case. Thus, the judgment at issue resolved all pending claims and parties.

Further, even if we were to conclude otherwise and decide that Mora had pleaded an affirmative ground for the award of attorney's fees, the judgment rendered in this case would nevertheless be final. The Texas Supreme Court employs a "long recognized" presumption of finality for judgments that follow a trial on the merits. *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010) (per curiam); *Moritz v. Preiss*, 121 S.W.3d 715, 718 (Tex. 2003); *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). The presumption originated in *Aldridge* and states:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to [our procedural rules], it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

400 S.W.2d at 897–98. Under this presumption, "any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal." *Vaughn*, 324 S.W.3d at 561; *see also Nguyen v. Nguyen*, 355 S.W.3d 82, 87 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Good v. Baker*, 339 S.W.3d 260, 265 (Tex. App.—Texarkana 2011, pet. denied). A judgment following a conventional trial on the merits need not dispose of every party and claim for the *Aldridge* presumption of finality to apply. *See Vaughn*, 324 S.W.3d at 561.

Moreover, in *Lehmann v. Har-Con Corp.*, the supreme court explained that the language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. 39 S.W.3d 191, 205 (Tex. 2001). Where the intent to finally dispose of the case is unequivocally expressed in the words of the order itself and is clear, the order is final and appealable even if the record does not provide an adequate basis for rendition of

judgment. *Id.* at 200. The court suggested that a statement like, "[t]his judgment finally disposes of all parties and all claims and is appealable," would leave no doubt about the court's intention to finally dispose of the case. *Id.* at 206. The supreme court held that an express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication, and in those circumstances, the order must be appealed and reversed. *Id.* at 204.

In the instant case, the judgment was entered after a full trial on the merits and is therefore entitled to a presumption of finality under *Aldridge.* The language of the judgment in this case clearly and unequivocally indicates that it is intended to be final. It is entitled "Final Judgment" and provides that "[t]his judgment is final, disposes of all claims and all parties, and is appealable." *See In re Daredia*, 317 S.W.3d 247, 248–49 (Tex. 2010) (orig. proceeding). We conclude that the judgment by its clear terms disposed of all claims and parties and was therefore final. Accordingly, the trial court did not abuse its discretion in refusing to modify the judgment. We overrule relators' sole issue.

## IV. MOTION FOR SANCTIONS

We next address TCP's motion for sanctions against relators. TCP contends that relators' petition for writ of mandamus was "clearly groundless" and brought "solely for delay." In this regard, TCP notes that relators failed to point out the language in the judgment that stated that the judgment was final and argued instead in their petition that the judgment was interlocutory because it did not include a "Mother Hubbard" provision stating that "all relief not granted is denied."

7

We have carefully considered these issues and consider the matters alleged to be of some concern. In this regard, we note that the record reflects that relators entered an agreed partial judgment on TCP's action for garnishment on the judgment subject to attack herein. It is arguably inconsistent to agree to garnishment based on a judgment and simultaneously contend that the judgment is not final. Nevertheless, based on our review of the pleadings and record, at the present time, we deny TCP's request for sanctions. We are confident that the trial court will take any steps deemed necessary to ensure that the parties and their counsel strictly comply with their ethical and professional obligations in further proceedings below.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the stay previously issued in this matter is lifted. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). TCP's motion for reconsideration of the stay order is dismissed as moot. The petition for writ of mandamus is denied. As previously stated, TCP's motion for sanction is denied.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
28th day of February, 2013.

8