**Affirmed and Opinion Filed July 21, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01557-CV

### JOYCE REGINA MCCRAY, Appellant
### V.
### CARLTON DALE MCCRAY, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-13-2009**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Schenck
Opinion by Justice Bridges

Joyce Regina McCray appeals the trial court's final decree of divorce. In four issues in her pro se brief, Joyce argues the issue of her entitlement to post driver attachments was "unilaterally determined" by Carlton McCray's counsel and was never brought before the trial court; Carlton is liable for property taxes on the Petty Farm; Carlton has failed to pay amounts owed on 2012 taxes; and Carlton should be required to pay taxes on Joyce's income and oil money that was used for community expenses for the 2013 tax year. We affirm the trial court's judgment.

Carlton and Joyce were married in November 2006. In November 2013, Carlton filed his first amended petition for divorce. In August 2014, Carlton and Joyce entered into a mediated settlement agreement that provided, in part, that Joyce would purchase the couple's

"Petty Farm for $100,000, net, 'As is.' Terms will be $25,000 down, and payments of $25,000 per year until paid. Note will be secured by both Petty Farms, will be pre-payable without penalty, and have a due-on-sale clause. Closing when [Carlton] vacates the Petty Farm." The agreement provided Carlton could continue to occupy the Petty Farm until December 31, 2014, and also awarded Carlton "the contents of the mobile home on the Petty Property and all cattle." At the bottom of the agreement were 2 handwritten items initialed by the parties: "Joyce's family Auger to Joyce" and "Rhorer post driver & attachments to Joyce."

In November 2014, Carlton filed a motion for enforcement of the agreement seeking the return of "between $10,000 and $15,000"in personal property Joyce allegedly removed from the Petty Farm in violation of the agreement. In response, Joyce filed a general denial. In January 2015, Joyce filed a counterpetition for enforcement of the agreement complaining that Carlton continued to occupy and keep items on the Petty Farm past the December 31, 2014 deadline, failed to move the fence placed on a neighbor's land, took coins awarded to Joyce from a safe on the property, and took tools and other property from a house and building on the property. Joyce sought return of the property and an order requiring Carlton to immediately vacate the Petty Farm.

In March 2015, the trial court conducted a hearing on the motions for enforcement and, at the outset, limited the parties to "20 minutes a side." Carlton's attorney first reviewed the terms of the mediated settlement agreement awarding Joyce certain property and asked Carlton if he understood what property belonged to Joyce at the Petty Farm. Carlton agreed that the property listed in the agreement belonged to Joyce. Carlton testified he had seen the "laundry list" of tools and other property attached to Joyce's counterpetition, but those items of property were not in the building or house on the Petty Farm at the time of the agreement. Carlton testified he was not yet "out of the property" at the time of trial because it had been "raining and been nasty."

–2–

After entering into the agreement, Carlton discovered Joyce had gone to the Petty Farm and removed the property listed in his motion for enforcement. Carlton testified all of the property Joyce took belonged to him. On cross-examination, Carlton testified he did not remove from the Petty Farm any of the property listed in Joyce's counterpetition. Carlton testified he was aware that he had not paid taxes for 2012, knew he owed a $537 deficiency, and would pay the deficiency "if [he] owe[d] it." Rogers Phillips testified he had done work for Carlton and Joyce, he helped Carlton move a bathtub into the house on the Petty Farm, and he did not see in the house any of the tools or property Joyce listed in her counterpetition.

Joyce testified she took "nothing that was not awarded" to her in the agreement from the Petty Farm. Joyce testified Carlton admitted "breaking in the house and taking what he wanted, and my shed too." Joyce went to Lowe's and attempted to identify the missing tools and calculated a value of six thousand dollars. On cross-examination, Joyce testified she did not take the items listed in Carlton's motion for enforcement from the Petty Farm. At the conclusion of the hearing, the trial court granted the divorce, gave Carlton until March 15 to vacate the farm, and ordered that Joyce tender $25,000 as a down payment on the farm.

In May 2015, the trial court conducted a hearing on the parties' disputes concerning Carlton's failure to vacate the Petty Farm by March 15, 2015; ownership of the mobile home at the farm and whether Carlton was required to remove it; and provisions in the closing documents for the sale of the farm. Joyce's attorney argued the closing documents contained provisions, including interest and rents, that were not agreed to in the mediated settlement agreement. The trial court ordered the parties to brief their arguments and submit them to the court.

In July 2015, the trial court again held a hearing at which Carlton's attorney noted that Joyce's attorney had filed a motion to withdraw and expressed his concern that, if the check for $25,000 was not deposited in the registry of the court before counsel's withdrawal, it was not

clear where the check was going to go or whether it would clear. The trial court directed that the $25,000 check be deposited in the registry of the court and granted Joyce's counsel's motion to withdraw.

On December 10, 2015, the trial court issued a letter ruling that the mobile home stayed with the property; Carlton was ordered to remove any tires and metal left behind at the property; the parties were to execute closing documents by December 31, 2015; the fencing at the property was to remain "as is"; and Carlton was not to receive any income for any farm operation for 2015. The letter ruling further directed that the property division was to follow what was agreed to in mediation. The same day, the trial court issued a final decree of divorce directing that Joyce purchase the Petty Farm and dividing the community property according to the terms of the mediated settlement agreement. As to the motions to enforce, the decree ordered Joyce to pay Carlton $4000 and ordered Carlton to vacate the Petty Farm by March 15, 2015. All other relief sought by the parties' motions to enforce the mediated settlement agreement were in all things denied. This appeal followed.

In her first issue, Joyce argues the issue of her entitlement to post driver attachments was "unilaterally determined" by Carlton's counsel and was never brought before the trial court. In her second issue, Joyce argues Carlton is liable for property taxes on the Petty Farm. In her third issue, Joyce argues Carlton has failed to pay amounts owed on 2012 taxes. In her fourth issue, Joyce argues Carlton should be required to pay taxes on Joyce's income and oil money that was used for community expenses for the 2013 tax year. In her summary of the argument, Joyce argues the trial court erred in "not allowing closing arguments or written statements and by limiting time to only 20 minutes per side," thereby preventing Joyce from bringing the post driver accessories issue or the tax issues to the trial court's attention.

Even if we treat as properly briefed Joyce's argument that the trial court erred in limiting the time to twenty minutes per side, she did not preserve her argument in the trial court. Pro se litigants are held to the same standards as licensed attorneys, and they must comply with applicable rules of procedure. *Audia v. Hannold*, 328 S.W.3d 661, 663 (Tex. App.—Dallas 2010, no pet.). Failure to object to time limits imposed by a trial court waives any error. *Brockie v. Webb*, 244 S.W.3d 905, 908 (Tex. App.—Dallas 2008, no pet.). The record shows Joyce raised no objection to the time limitations in the trial court. Accordingly, she has failed to preserve this complaint for review. *See id.*

Further, there is nothing in the record to show that any of Joyce's issues were presented to and ruled upon by the trial court. By not raising her arguments in the trial court, Joyce has waived her arguments. TEX. R. APP. P. 33.1(a)(1)(A); *Magness v. Magness*, 241 S.W.3d 910, 913 n.1 (Tex. App.—Dallas 2007, pet. denied); *Sherman v. Merit Office Portfolio, Ltd.*, 106 S.W.3d 135, 140–41 (Tex. App.—Dallas 2003, pet. denied). We overrule Joyce's issues.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

151557F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOYCE REGINA MCCRAY, Appellant

No. 05-15-01557-CV     V.

CARLTON DALE MCCRAY, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas

Trial Court Cause No. FA-13-2009.

Opinion delivered by Justice Bridges.

Justices Evans and Schenck participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CARLTON DALE MCCRAY recover his costs of this appeal from appellant JOYCE REGINA MCCRAY.


Judgment entered July 21, 2017.