**REVERSE IN PART; AFFIRM IN PART; Opinion Filed May 10, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-01112-CV

## FARIBORZ HADIDI AND GLOBAL ENTERPRISES CAPITAL, LLC, Appellants
## V.
## FAEZ LAW FIRM, PLLC, Appellee

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-18-12583

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Fariborz Hadidi and Global Enterprises Capital, LLC ("Global Enterprises")

appeal the trial court's judgment in favor of Faez Law Firm, PLLC. In three issues,

appellants challenge the evidence to support the amount of damages awarded, the

amount of attorney's fees awarded, and the Global Enterprises' liability. We reverse

the portion of the trial court's judgment in favor of Faez Law Firm against Global

Enterprises, LLC. We affirm the remainder of the trial court's judgment. Because

all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P.

47.4.

## BACKGROUND

Faez Law Firm filed suit against Hadidi and Global Enterprises, asserting claims for suit on sworn account, quantum meruit, and declaratory relief in connection with legal services provided. In its petition, Faez Law Firm alleged Hadidi was a prior client of the law firm and that Hadidi engaged the law firm to represent Evelin Hernandez in a suit to recover damages she sustained in an automobile accident. When Hadidi engaged Faez Law Firm, he and Hernandez presented themselves as a married couple. Faez Law Firm submitted a claim to Hernandez's insurance carrier and obtained a settlement check for approximately $3,525, which was made out to Hernandez, Hadidi, and Faez Law Firm. While Faez Law Firm represented Hernandez in her suit, Hadidi claimed an interest in the settlement proceeds from Hernandez's accident and also engaged the law firm to represent him in other matters, including development of a piece of property. Although Hadidi made some payments for the legal fees he incurred, he refused to pay the balance.

Hadidi and Global Enterprises filed an answer generally denying the allegations in Faez Law Firm's petition and asserting they had paid for all work actually performed. The case proceeded to a bench trial where neither defendants nor anyone purporting to represent them appeared. Vafa Faez represented and testified on behalf of Faez Law Firm. Faez offered, and the trial court admitted into evidence, invoices totaling $9,520, which he testified were unpaid. The following

day, the trial court signed a final judgment ordering that Faez Law Firm recover $9,520 from Hadidi and Global Enterprises, jointly and severally. The final judgment also declared Faez Law Firm may credit "$1,763 against judgment from a settlement check in another legal matter in which Defendant Fariborz Hadidi has or had an interest" and awarded Faez Law Firm $5,000 for reasonable and necessary legal fees. Hadidi and Global Enterprises requested findings of fact and conclusions of law, but none were signed. Soon thereafter, they filed a motion for new trial, which was overruled by operation of law. This appeal followed.

### DISCUSSION

In their first issue, appellants challenge the sufficiency of the evidence to support the damages amount of $9,520. More specifically, they argue Faez Law Firm failed to present evidence the fees they sought to recover were reasonable and necessary. Faez Law Firm distinguishes the authority on which appellants rely, urging the challenged amount represented an unpaid balance and the subject of the instant suit, rather than fees incurred by a prevailing party pursuant to a statute or contract provision.

This Court has already held evidence consisting of the amount invoiced and not paid is legally sufficient to support summary judgment in favor of an attorney in his suit against a former client for suit on sworn account. *See Panditi v. Apostle*, 180 S.W.3d 924, 927 (Tex. App.—Dallas 2006, no pet.). At the bench trial, Faez Law

Firm offered, and the trial court admitted into evidence, invoices for the work performed. Accordingly, we overrule appellants' first issue.

In their second issue, appellants challenge the sufficiency of the evidence to support the award of attorney's fees of $5,000.

When a fee claimant seeks to recover attorney's fees from an opposing party, it must put on evidence of reasonable hours worked multiplied by a reasonable hourly rate, yielding a base figure that can be adjusted by considerations not already accounted for in either the hours worked or the rate. *See Great Am. Lloyds Ins. Co. v. Vines-Herrin Custom Homes, L.L.C.*, 596 S.W.3d 370, 378 (Tex. App.—Dallas 2020, pet. denied) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 467, 475 (Tex. 2019)). Chapter 38 of the civil practice and remedies code provides the authority for a successful plaintiff to recover attorney's fees in a claim for a sworn account, as here. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b)(7). Under Chapter 38, the trial court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in a proceeding before the court. *See id.* § 38.004. Further, Chapter 38 provides for a rebuttable presumption that the usual and customary attorney's fees for a claim of the type described in Section 38.001 are reasonable. *See id.* § 38.003.

Faez's testimony indicates he requested the trial court consider an affidavit by attorney Richard Tanner to support the attorney's fees he incurred by representing

Faez Law Firm in this case. The docket sheet includes a notation that an affidavit regarding legal services was filed with the court the day before the bench trial took place, and this Court ordered a supplementation of the record to include this affidavit. *See* TEX. R. APP. P. 34.5(c) (supplementation of clerk's record). In that affidavit, Tanner testifies as to his experience and his opinion that, based on that experience, $5,040 is a reasonable amount of attorney's fees for representation of Faez Law Firm in this case, and that $300 is a reasonable hourly rate. Tanner's affidavit is supported by a list of dates and the hours expended on the case and tasks performed each day, such as meeting with the client, reviewing and preparing pleadings, and participating in mediation. We conclude the record contains sufficient evidence to support the attorney's fee award. Accordingly, we overrule appellants' second issue.

In their third issue, appellants challenge the trial court's liability finding against Global Enterprises. They argue that although the invoices show both Hadidi and Global Enterprises were clients of Faez Law Firm, there is no evidence that any agent contracted on behalf of Global Enterprises. At trial, Faez testified he had represented Hadidi in various matters over several years, including setting up Hadidi's corporation, Global Enterprises. However, Faez's testimony did not indicate whether he had represented Global Enterprises. The invoices are addressed to "Fariborz Hadidi, GE Capital LLC." There is no evidence in the record to support a finding that "GE Capital LLC" is the same entity as appellant Global Enterprises

–5–

or a finding that Faez Law Firm represented Global Enterprises.  Accordingly, we sustain appellants' third issue.  *See Brockie v. Webb*, 244 S.W.3d 905, 909 (Tex. App.—Dallas 2008, pet. denied).

## CONCLUSION

We reverse the portion of the trial court's judgment in favor of Faez Law Firm against Global Enterprises, LLC and render judgment Faez Law Firm take nothing on its claims against Global Enterprises, LLC.  We affirm the remainder of the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

201112F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FARIBORZ HADIDI AND
GLOBAL ENTERPRISES
CAPITAL, LLC, Appellant

No. 05-20-01112-CV     V.

FAEZ LAW FIRM, PLLC, Appellee

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-12583.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment in favor of Faez Law Firm against Global Enterprises, LLC and **RENDER** judgment Faez Law Firm take nothing on its claims against Global Enterprises, LLC. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 10th day of May 2022.